Argued and submitted August 25, reversed and
remanded for new trial December 22, 1980

STATE OF OREGON,
*Respondent,*

*v.*

STEPHEN ROY SCHEER,
*Appellant.*

(No. 78-3328, CA 16559)

620 P2d 973

Larry R. Roloff, Eugene, argued the cause and filed the
brief for appellant.

Robert D. Bulkley, Jr., Assistant Attorney General,
Salem, argued the cause for respondent. With him on the
brief were James M. Brown, Attorney General, John R.

McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a criminal case in which defendant seeks reversal of his conviction for Illegal Possession of Narcotic Drugs. On appeal, defendant assigns as error the trial court's denial of his motion to suppress. We agree with the defendant that the trial court should have suppressed evidence seized pursuant to the search warrant, and therefore reverse.

At the time of the search which is the subject of this case, the defendant resided with Kathleen Reynolds at 175 North McKinley Street, Apartment No. 5, Eugene, Oregon. The search was conducted on May 14, 1978, pursuant to a warrant issued on the basis of an affidavit by police officer Enes Smith which was sworn to the previous day and which provided, in pertinent part:

"I, Enes Smith, being first duly sworn on oath, hereby depose and say:

"That I am a police officer with the Springfield Police Department and have been so employed in law enforcement for approximately 3 years and 1 month. That I am currently assigned to the criminal intelligence unit and have been so assigned for approximately 10 months.

"That on May 12, 1978 at approximately 10:00 p.m., I was contacted by Jerry R. Harvey, 4878 Elderberry Loop, Springfield, Lane County, Oregon who advised me of the following:

"That on May 12, 1978 from approximately 8:30 p.m. to 9:00 p.m. Jerry R. Harvey was present, with permission, in an apartment at 175 North McKinley St., Apt. #5, Eugene, Lane County, Oregon. That Jerry R. Harvey has personal knowledge that 175 North McKinley St., Apt. 5, Eugene, Lane County, Oregon is presently rented by Kathy Reynolds and occupied by Kathy Reynolds and Steve Sheer.

"That while present at 175 North McKinley St., Apt. #5, Eugene, Lane County, Oregon on May 12, 1978 from approximately 8:30 p.m. to 9:00 p.m. Jerry R. Harvey observed a quantity of green vegetable material that Jerry R. Harvey was able to identify as the narcotic drug marijuana. That in addition, Steve Sheer represented the green vegetable material to be the narcotic drug marijuana.

"That Jerry R. Harvey has been shown marijuana on numerous occasions by numerous persons who used the narcotic drug marijuana and Jerry R. Harvey is familiar

with the narcotic drug marijuana and can identify it in its processed form.

"That in my discussions with Jerry R. Harvey I have further learned that he is capable of identifying the narcotic drug marijuana through casual use.

"That I have personally observed 175 North McKinley St., Apt. #5, Eugene, Lane County, Oregon to be a 2-story multi-family apartment complex, brown in color with light brown trim and is situated on the north end of the north-south building with the number '5' on the north side of the front door.

"That based upon the preceding information I have probable cause to believe and do believe that evidence of the crime of illegal possession of marijuana is presently located in the above described residence at 175 North McKinley St., Eugene, Lane County, Oregon.

"Wherefore your affiant prays that the court issue a warrant for the search of the above described residence at 175 North McKinley St., Apt. #5, Eugene, Lane County, Oregon for the narcotic drug marijuana and evidence of its use and possession."

Defendant challenges the sufficiency of the affidavit on three separate theories, only one of which we need discuss here. Defendant contends that the phrase "* * * observed a quantity of green vegetable material that Jerry R. Harvey was able to identify as the narcotic drug marijuana" was insufficient to justify the belief that marijuana was to be found in the apartment at a later time. Within the narrow confines of this affidavit, we agree. In *State v. Kittredge/Anderson,* 36 Or App 603, 585 P2d 423 (1978), we held that the facts set out in an affidavit in support of a search warrant in that case were "stale" and that the affidavit was therefore insufficient to establish probable cause where it alleged that, within the past 96 hours, a confidential reliable informant had within a certain residence, "* * * personally observed the narcotic drug marijuana." We said, with respect to that affidavit,

"The following facts, among others, are *not* made known: (1) *How much* marijuana was seen. The amount could have been as little as less than an ounce or more than a ton. The amount observed is significant because it affects the likelihood that some marijuana will be found there later. If only a single marijuana cigarette was observed, it was probably gone 96 hours later. If large quantities were

observed, there would exist at least a permissible inference that some remained or that the premises were being used as a market for the sale of marijuana. *See State v. Spicer,* 254 Or 68, 456 P2d 965 (1969)." *State v. Kittredge/Anderson, supra,* 36 Or App at 606. (Emphasis in original).

We also indicated in that opinion that the lack of information as to who was actually in possession of the marijuana, and the prior history of the particular dwelling place contributed to the staleness of the warrant.

Here, although it appears that approximately 48 hours passed between the observations of the informant and the subsequent search, we are nonetheless of the view that the affidavit did not supply a sufficient basis for belief that the narcotic drug observed by the informant would still be on the premises. The phrase, "a quantity of green vegetable material," is simply insufficient, without other information, to justify a magistrate in believing that any quantity will be found by the time the search warrant is issued. We do not mean to suggest that it is necessary for the informant to describe the particular quantity involved. We do suggest, however, that *something* must be said, in addition to the description, "a quantity," to suggest that either the amount in question is sufficiently large so that it will not be immediately consumed, or that the parties present are not likely to consume it, or that the item sought is not consumable, or the like. Here, there are no such indications. The case is, except for the length of time involved, remarkably like *State v. Kittredge/Anderson, supra.* We hold here, as we did there, that the affidavit was insufficient to justify the issuance of the warrant.

Reversed and remanded for a new trial.[1]

---

[1] Because of the disposition we make of this case, we are not required to deal with defendant's further contention, which may also be valid, that the information concerning the informant in this case was insufficient to justify the trial court in believing that he was reliable. *See State v. Montique,* 288 Or 359, 605 P2d 656 (1980); *State v. Carlile/Reiter/Shaw,* 290 Or 161, 619 P2d 1280 (1980).