Argued and submitted March 25, reversed and remanded June 15, reconsideration
denied September 23, petition for review denied November 1, 1988 (307 Or 101)

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL THOMAS SEVEN,
*Respondent.*

(87CR-0405; CA A44856)

755 P2d 747

Philip Schradle, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Nick Nylander, North Bend, argued the cause for respondent. With him on the brief was Flaxel, Todd & Nylander, North Bend.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals an order suppressing evidence. The trial court held that the police officer's affidavit in support of the warrant did not contain sufficient facts to establish probable cause that the place to be searched contained evidence. We reverse.

The affidavit stated that two individuals with long histories of drug-related activity, neither of them defendant, had been stopped in a car by the police. One of them gave his address as 1190 Beach Loop Road; investigation revealed that the utilities for that residence were in the name of the other individual. The car contained evidence of drug trafficking, including drugs and drug sale records. The affidavit also stated:

> "That my experience and training teach me that persons so engaged in criminal drug activity in the form of possession and sales of marijuana and cocaine and conspiracy to do the same often hide, secrete, transport, and store said controlled substances cocaine and marijuana and evidence of the crime about their residences, in outbuildings and curtilages of said residences, in vehicles under their control, and in businesses and other buildings such as motel rooms where they frequent and have at least temporary control. That such evidence is often kept for a number of months even after the end of the conspiracy. This is evidenced in this conspiracy in the large number of drug sales records found in the vehicle of [the two individuals] this date which obviously go back over a period of weeks or months and bear first names, street names, and telephone numbers."

The affidavit also said that the two had engaged in drug-related activities in their car, at a certain restaurant and at former residences. However, the affidavit's only claim of illegal or drug-related activity at 1190 Beach Loop Road was the passage quoted above. On the basis of the affidavit, a warrant was issued to search that place, among other locations, and the state seized the evidence which the trial court suppressed.

ORS 133.555(2) provides that, before issuing a search warrant, the judge must find that, "on the basis of the record before [him], there is probable cause to believe that the search will discover things specified in the application and subject to

seizure." Probable cause "means that the facts upon which the warrant is premised must lead a reasonable person to believe that seizable things will probably be found in the location to be searched." *State v. Anspach,* 298 Or 375, 380, 692 P2d 602 (1984).

Affidavits must be read in a "realistic and common sense manner." *State v. Villagran,* 294 Or 404, 415, 657 P2d 1223 (1983). Sufficiency of an affidavit depends on not only the facts presented, but also the reasonable inferences which may be drawn from them. *State v. Anspach, supra,* 298 Or at 381. In holding that "there were no facts in the affidavit" to connect 1190 Beach Loop Drive with "any drug sales or possession," the trial court seems to have assumed that the affidavit had to refer to specific instances of drug sales or possession at the residence. That was error.

In *State v. Evoniuk/Niemi,* 80 Or App 405, 412-3, 722 P2d 1277 (1986), we addressed the sufficiency of an affidavit by a police officer which stated that, on the basis of his experience and training, "persons who are involved in the long term business of the distribution of controlled substances are likely to keep controlled substances in their residences, that they are also likely to maintain records relating to their sales of controlled substances * * *." We held that "[t]he magistrate who issued the warrant was entitled to accept the affiant's representations that people who deal in drugs are likely to keep controlled substances in their homes." 80 Or App at 413. The magistrate issuing the warrant here was also entitled to rely on the representations of the affiant, especially in the light of the rest of the affidavit which detailed evidence of long ongoing and very active drug dealing by the two people whom the affidavit connected to the premises, even though neither was defendant. Those representations are sufficient to provide probable cause to believe that the search would produce evidence of drug trafficking.

Reversed and remanded.