Argued and submitted August 30, reversed and remanded November 2, 1988

# STATE OF OREGON,
*Appellant,*

*v.*

# JUVENAL C. ARREOLA,
*Respondent.*

## (CR 87-401; CA A47587)

763 P2d 748

Leslie Jo Westphal, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant was charged with two counts of delivery of a controlled substance. ORS 475.992. The state appeals a pretrial order suppressing evidence obtained during a search of defendant's apartment pursuant to a search warrant. The trial court held that the police officer's affidavit in support of the warrant did not contain sufficient facts to establish probable cause that the place to be searched contained controlled substances and related evidence. We reverse.

The affidavit of Officer Crane set out his experience as a trained officer investigating the sale of controlled substances. He stated that sellers of cocaine often obtain a large quantity of the drug and then break it down and weigh and repackage it for sale. He also stated that he had worked with both a confidential, reliable informant (CRI) and a named informant, Bracelin, in the investigation of this case. After establishing the basis of knowledge and reliability of the CRI, the officer described two controlled purchases of cocaine by the CRI from defendant in September and October of 1987. The CRI set up the purchases by calling defendant at his apartment and meeting him elsewhere for the purchase.

Crane stated in his affidavit that two additional purchases from defendant were made by Bracelin. On October 14, Bracelin went to defendant's apartment with three other persons, one of whom went into the apartment and came out and told Bracelin that they were to meet defendant at another location, where the sale took place. On October 19, Bracelin again purchased cocaine from defendant, this time while wearing a body wire. Bracelin met defendant and two other persons and then drove to defendant's address, where the purchase was made. The transaction was heard by Crane through the body wire. One gram of cocaine and two grams of marijuana were purchased. Defendant said that he had "1/2 brick [of a controlled substance]."

On October 20, 1987, on the basis of information in Crane's affidavit, a judge issued a warrant to search defendant's address for cocaine, marijuana, scales, packaging materials, money and records of sale. The police conducted the search the same day. The only issue in this appeal is whether the affidavit was sufficient to establish probable cause that drugs and related evidence would be found in defendant's

apartment. At a pretrial hearing, the trial judge allowed defendant's motion to suppress the evidence found at the apartment, agreeing with his arguments that the affidavit did not establish either that cocaine was purchased in the apartment or that drugs were seen in the apartment. The trial judge agreed with defendant that these factors were necessary to establish probable cause.

However, those factors are not always necessary to establish probable cause that drugs will be found in a residence. The probable cause standard merely requires that the facts upon which a warrant is premised "must lead a reasonable person to believe that seizable things will probably be found in the location to be searched." *State v. Anspach,* 298 Or 375, 380-81, 692 P2d 602 (1984). Affidavits must be read in a realistic and common-sense manner. *State v. Villagran,* 294 Or 404, 657 P2d 1223 (1983). The judge issuing a search warrant may make reasonable inferences from the affidavit. A previous drug sale in a residence is not always required to establish probable cause for a search warrant. *State v. Seven,* 91 Or App 506, 755 P2d 747 (1988); *State v. Evoniuk/Niemi,* 80 Or App 405, 722 P2d 1277 (1986).

In this case, the affidavit established a two-month history of surveillance of controlled drug sales. The sales were linked to defendant's apartment through phone calls and visits to the apartment. The final sale probably took place near or in the apartment itself, and the exchange occurred after defendant and the informant drove to the apartment. The history of sales by defendant linked to the apartment created a reasonable inference that drugs and drug-related evidence would be found there.

Oregon law does not require that drugs be seen in a residence in order to establish probable cause for a search warrant. No drugs were seen inside the residences in *State v. Seven, supra* or *State v. Evoniuk/Niemi, supra.* The law requires probable cause that evidence will still be in the residence at the time when the warrant is issued. *State v. Wilson/ Helms,* 83 Or App 616, 733 P2d 54, *rev den* 303 Or 172 (1987). In this case, the last sale occurred the day before the warrant was issued and was accompanied by defendant's statement that he had one-half a brick of cocaine, a very large quantity.

It was highly probable that a quantity of the controlled substance would be found the next day in defendant's apartment. The trial court erred in granting the motion to suppress.

Reversed and remanded.