Argued and submitted August 28, 1992, affirmed March 31, 1993

# STATE OF OREGON,
*Appellant,*

*v.*

# THOMAS DALE EVANS
and Beth Inez Evans,
*Respondents.*

## (91-2784-A-C-2; CA A73233)

849 P2d 539

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David K. Allen, Salem, argued the cause for respondents. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

The state appeals from an order suppressing evidence found at defendants' residence. ORS 138.060. The circuit court held that the affidavit supporting the search warrant was legally insufficient. We affirm.

A search warrant was issued for defendants' residence based upon the affidavit of a special agent for the United States Bureau of Land Management (BLM). The affidavit described the discovery of two marijuana "gardens,"[1] approximately two miles apart, on BLM land. A deputy county Sheriff and a sergeant of the Oregon National Guard each told the affiant that they had seen one of the defendants tending the plants at the gardens and had traced his address through the license plate of the truck he was driving. The residence was at least 35 miles from the plants.

The affiant has extensive education, training and experience in narcotics investigation. In the affidavit, he stated that he knew, based on his background, that it was a common practice for people who grow and distribute marijuana to have written records and books relating to the growing and sale of marijuana in their homes, that they commonly have miscellaneous equipment in their homes for growing and packaging the drugs, that people who sell drugs earn money and keep records of their illegal income and/or valuable items in their homes, that they commonly keep firearms in their homes, and that it is common practice to start the plants inside their home before transplanting them outside.

The affidavit contained no facts about any activity at the home except for defendants' living there. There were no facts indicating that defendants had been harvesting or transporting the plants, or that any tools used to care for the plants were taken from the home to the site. The officer's recitations of his professional experiences provided the only link between the residence and the marijuana plants. The state argues that the link is strong enough to support the affidavit and to create probable cause that seizable evidence was in defendants' home. We disagree.

---

[1] One garden had 11 marijuana plants and the other had 8.

When the sufficiency of an affidavit is challenged, we must determine whether a reasonable magistrate could conclude that there was probable cause to believe that seizable items were likely to be found in the place to be searched, based on *facts* and information set forth in the affidavit. *State v. Villigran*, 294 Or 404, 408, 657 P2d 1223 (1983). Under ORS 133.545(4), an application for a search warrant must be

"supported by one or more affidavits *particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places,* or in the possession of the individuals, *to be searched*." (Emphasis supplied.)

In a marijuana growing case, an affidavit must satisfy two requirements in order to support a search warrant of a residence. *State v. Anspach*, 298 Or 375, 692 P2d 602 (1984). First, the affidavit must set forth objective observations sufficient to allow a disinterested magistrate to conclude that there is probable cause to believe that there is a relationship between the people residing on the premises and the marijuana plants. Second,

"*the affidavit must contain additional facts* to support probable cause to believe that marijuana or certain kinds of implements of cultivation or paraphernalia for processing or sale of marijuana are probably in the building to be searched." 298 Or at 381, *citing State v. Anspach*, 68 Or App 164, 171, 682 P2d 786 (1984). (Emphasis supplied.)

This affidavit failed to meet the second requirement. There are no facts whatsoever linking the marijuana plants to anything in the residence, which was more than 35 miles away from the garden. Standing alone, the officer's intuition or professed knowledge of the common practices of people who grow, distribute and sell marijuana is not an additional fact supporting probable cause that *this* particular residence contained any particular evidence. In addition, most of the officer's knowledge was about common practices of people who grow, *distribute and sell* marijuana. Here, there were no facts indicating that defendants were distributing and selling marijuana.

The state correctly notes that, in the past, we have given weight to an officer's knowledge when it is based on training and experience. *See State v. Seven*, 91 Or App 506, 755 P2d 747, *rev den* 307 Or 101 (1988); *see also State v.*

*Evoniuk/Niemi*, 80 Or App 405, 722 P2d 1277 (1986). In each of those cases, however, the affiant also presented some *facts* linking the drug-related activity and the home. In *State v. Seven, supra*, two people with long histories of drug-related activities were found in their car with evidence of a long-term conspiracy for drug trafficking. One of them gave the defendant's residence as his address. Both men were tied to drug sales at previous residences. Along with those facts, the affiant presented his knowledge that people engaged in such a conspiracy keep related seizable evidence at their homes. In *State v. Evoniuk/Niemi, supra*, the defendant Evoniuk was seen delivering to a residence a paper bag alleged to contain drugs. In an unrelated arrest, paperfolds containing cocaine were found. Evoniuk's home phone number was written on one of them and his driver's license number was on another. The affiant presented those facts in addition to his knowledge that people engaged in the long-term business of drug sales keep related seizable evidence in their home.[2] There were no similar facts linking the plants and the home in this case.

The affidavit did not particularly set forth the *facts* and circumstances tending to show that the objects of the search are in the place to be searched as required by ORS 133.545(4). It was insufficient.

Affirmed.

---

[2] Both cases involved evidence seized at a residence after the defendant or someone linked to the home had been carrying evidence of drug trafficking in a *car*. In other circumstances, Oregon has recognized the mobility of cars. *See State v. Brown*, 301 Or 268, 721 P2d 1357 (1986). Clearly, a car containing evidence of drug trafficking is more easily linked to the driver's residence than an immovable plot of land some 35 miles away.