Argued and submitted September 29, 1994, reversed and remanded for new trial
March 8, respondent's motion for reconsideration filed April 5 allowed by opinion
May 24, 1995
See 134 Or App 542 (1995)

## STATE OF OREGON,
*Respondent,*

*v.*

## CHRISTINE CARA MAXFIELD,
*Appellant.*

## (90CR0576; CA A80109)

891 P2d 1342

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Allan E. Smith, Certified Law Student, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals her convictions for manufacture and possession of a controlled substance. ORS 475.992. On appeal, she argues that the trial court erred in denying her motion to suppress evidence that was seized from her residence pursuant to a search warrant. Defendant argues that the affidavit in support of the warrant was insufficient to establish probable cause to believe that seizable evidence would be found at her residence. We agree with defendant and reverse.

At issue is the sufficiency of the affidavit of Josephine County narcotics detective Claar, who said in his affidavit that he received a telephone call from an employee of a photo finishing store. That employee told Claar that defendant had dropped off two rolls of film to be developed. The employee reported that one of the rolls of film contained photographs of live marijuana, which appeared to be in a growing stage. Claar went to the photo finishing store, where the employee retrieved from a trash can what she characterized as "overrun" copies of the photographs. Claar said that the pictures depicted high-quality marijuana in a growing stage and that other photographs included pictures of "buildings and persons," two pictures of defendant and a photograph of a male next to a U.S. Forest Service "water pumper" truck. Claar said that he then left the store and parked in a nearby parking lot. He saw defendant enter the photo finishing store, leave the store and then get into her car. Claar said that, at that point, he traced defendant's license plate and obtained her address.

After describing his extensive training and experience in narcotics investigation, Claar then said that marijuana growers frequently take photographs of their crops, that marijuana growers usually keep some quantity of marijuana at home, that it was the season for marijuana harvesting, that marijuana cultivation generally requires large quantities of water and that the type of U.S. Forest Service "water pumper" truck depicted in the photograph would be an "excellent" way of providing such large quantities of water.

On the basis of Claar's affidavit, a warrant was issued to search defendant's home. At defendant's home, narcotics officers discovered the photographs, 50 marijuana plants, scales, packing materials and related paraphernalia and documents. Defendant moved to suppress all evidence seized pursuant to the warrant. The trial court denied her motion. Defendant was convicted, and she appeals.

■ When the sufficiency of an affidavit is challenged, we review it to determine whether the issuing magistrate reasonably could conclude, based on the information in the affidavit, that seizable things probably will be found in the location to be searched. *State v. Anspach*, 298 Or 375, 381, 692 P2d 602 (1984); *State v. Villagran*, 294 Or 404, 408, 657 P2d 1223 (1983). "Probably" means "more likely than not." *State v. Chambless*, 111 Or App 76, 80, 824 P2d 1183, *rev den* 313 Or 210 (1992). As the Supreme Court recently said in *State v. Carter/Grant*, 316 Or 6, 13, 848 P2d 599 (1993):

"A fact that merely supports an inference that some other fact is possible—as one among the range of many other and different possibilities—does not support an inference that any specific one of the possible facts is itself probable. Probable cause is necessary to support a warrant, not merely one possibility, among many * * *."

■ In this case, defendant argues that the information in the affidavit is insufficient to justify a conclusion that it is probable that marijuana and other seizable items would be found at her residence. The state argues that Claar's opinion that it was the season for marijuana harvesting and that, in his experience, people who grow marijuana frequently take photographs of their marijuana plants and also usually keep the marijuana at their residence is sufficient. According to the state, on the basis of those facts,

"it is logical to assume defendant took photographs of her own growing marijuana, and that given it was harvest season, defendant would be likely to keep a portion of her harvested crop at her home."

The state further argues that, because defendant apparently had access to a U.S. Forest Service "water pumper" truck, "it is logical to infer" that defendant had been using the truck to cultivate marijuana.

We agree with defendant that the information in the affidavit is insufficient to permit a reasonable person to conclude that it is *probable* that seizable items would be found *at defendant's residence*. The affidavit describes photographs of marijuana plants. Nothing more. There is no indication that defendant is in the photographs of the marijuana. Likewise, there is no evidence of when or where the photographs were taken. In other words, it is impossible to tell whether the marijuana depicted in the photographs is located in defendant's back yard or a thousand miles away or whether the photographs were taken immediately before they were developed or a year before. Similarly, the affidavit's description of a U.S. Forest Service "water pumper" truck is unhelpful. There is no indication where or when the picture was taken. Nothing in the affidavit suggests that defendant was in the picture or that the truck was in any way associated with the photos of the marijuana.

The state insists that Claar's stated experience and training that persons who grow marijuana frequently take pictures of it and usually keep it at their residences makes it "logical" to "assume" or to "infer" that defendant grew the marijuana depicted in the photos and kept marijuana at her house. We are unpersuaded.

Accepting for the sake of argument that the state is correct that Claar's experience and training makes it "logical" to "assume" or to "infer" that defendant grew marijuana and kept it at her residence, that remains insufficient to satisfy the requirement of establishing that it is *probable* that defendant grew marijuana and kept it at her home. *State v. Carter/Grant, supra,* 316 Or at 13. Moreover, it is *not* logical to assume that, because persons who grow marijuana frequently take pictures of it and keep it at their residence, a person who takes pictures of marijuana probably grows it and keeps it at home.[1] Persons who grow marijuana also frequently drive trucks. That does not mean that persons who drive trucks are probably marijuana growers.

---

[1] The argument suffers from the fallacy of deductive inference known as the "fallacy of false conversion," illustrated by the example "horses are animals that have teeth; therefore, an animal that has teeth is a horse." *See* T. Damer, *Attacking Faulty Reasoning* 125-26 (1980).

■    The state argues that, at the very least, the photographs of the marijuana, by themselves, constitute seizable evidence, and the information in the affidavit establishes probable cause to believe that those photographs would be found at defendant's residence. According to the state, the fact that defendant dropped off the film containing pictures of marijuana permits "the reasonable inference" that she took the pictures home. We remain unpersuaded. First, the state fails to explain why a photograph of a marijuana plant, by itself, constitutes seizable evidence. The state cites no authority for such an assertion, and we are aware of none. Second, even assuming that the photographs constitute seizable evidence, the state's argument once again rests on the assertion that the facts recited in the affidavit permit a "reasonable inference" that the evidence would be found at defendant's residence. That is not sufficient. That defendant dropped off film to be developed does not make it *more probable than not* that the developed photographs were hers or that they would be found at her residence.[2] In short, nothing in the affidavit would permit a reasonable person to conclude that it was probable that seizable items would be found at defendant's residence.

Reversed and remanded for new trial.

---

[2] There is one statement in the affidavit that persons who grow marijuana generally have pictures and negatives of their marijuana at home. However, as we have said, there is no reasonable basis for concluding that defendant, more probably than not, was a person who grows marijuana.