542

On respondent's motion for reconsideration filed April 5, reconsideration allowed; opinion (133 Or App 371, 891 P2d 1342) modified and adhered to as modified May 24, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## CHRISTINE CARA MAXFIELD,
*Appellant.*

## (90CR0576; CA A80109)

896 P2d 581

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, for motion.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

Edmonds, J., concurring.

**LANDAU, J.**

The state moves for reconsideration of our opinion, *State v. Maxfield*, 133 Or App 371, 891 P2d 1342 (1995), claiming that we erred in construing or applying the law. ORAP 6.25(1)(e). We allow the motion, modify our opinion and adhere to it as modified.

In our opinion, we said:

> "According to the state, the fact that defendant dropped off the film containing pictures of marijuana permits 'the reasonable inference' that she took the pictures home. We remain unpersuaded. First, the state fails to explain why a photograph of a marijuana plant, by itself, constitutes seizable evidence. The state cites no authority for such an assertion, and we are aware of none."

*Maxfield*, 133 Or App at 376. The state argues that we ignored authority that it did, in fact, cite in support of its argument, in particular, ORS 133.535, which defines as permissible objects of a search "[e]vidence of or information concerning the commission of a criminal offense." The state further argues that we have implicitly endorsed a new law that effectively overturns the rule that "mere evidence" of a crime is the proper object of a search.

■■ We do not reject the rule that "mere evidence" of a crime is the proper object of a search. Our opinion holds that, under the facts of this case, that rule does not apply. In this case, the only evidence at issue is photographs of a marijuana plant. We said in our original opinion, and we say again, that the state has offered us no authority for the proposition that, *by itself*, a photograph of a marijuana plant is seizable evidence. There is no person pictured in those photos. There is no evidence concerning who took the pictures, where they were taken or when they were taken. As the United States Supreme Court said in *Warden v. Hayden*, 387 US 294, 307, 87 S Ct 1642, 18 L Ed 2d 782 (1967), upon which ORS 133.535 was based:

> "There must, of course, be a nexus * * * between the item to be seized and criminal behavior. Thus in the case of 'mere evidence,' probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction."

In this case, there is no such nexus, no such probable cause to believe that the photographs sought will aid in any particular apprehension or conviction.

We also said in our opinion:

"Second, even assuming that the photographs constitute seizable evidence, the state's argument once again rests on the assertion that the facts recited in the affidavit permit a 'reasonable inference' that the evidence would be found at defendant's residence. That is not sufficient."

*Maxfield*, 133 Or App at 376. The state argues that we "ignored or implicitly overruled precedent that a suspect's home is the most likely repository" of physical evidence. The state reads our opinion too broadly. We merely said that, under the facts of this case, a reasonable magistrate could not conclude that more probably than not, evidence of a crime would be found at defendant's home. As for the supposed rule that a suspect's home always is the most likely repository of incriminating evidence, we neither rejected nor approved it.

■■ Whether an affidavit is sufficient to justify a conclusion that it is probable that evidence of a crime will be found at a suspect's home depends upon the facts of each case. For example, the time and place of the crime compared with the time and place of the arrest, along with the location of the house, may make it likely that a suspect has dropped off seizable evidence at his or her residence. *State v. O'Keefe*, 40 Or App 685, 694, 596 P2d 987, *rev den* 288 Or 81 (1979). Or, there may be testimony or other evidence that a particular type of evidence is, under the circumstances, likely to be found at the home. *State v. Seven*, 91 Or App 506, 509, 755 P2d 747, *rev den* 307 Or 101 (1988). In each case, however, there is an affidavit that

"sets forth sufficient facts and circumstances that tend to show that certain identifiable objects * * * were likely to be found at defendant's residence."

*State v. Schroeder*, 62 Or App 331, 336, 661 P2d 111, *rev den* 295 Or 161 (1983). Mere possession of any seizable evidence at some point in time, by itself and with no other indication as to where the evidence is likely to be found, is not necessarily sufficient in all cases. To the extent that the state urges us to adopt such a rule, we decline to do so.

■ The state suggests that, if we do not agree that such a bright line rule is the law, we should delineate precisely what must be shown beyond possession to establish the probability that evidence will be found at home. We decline to do that as well. The nature of the inquiry is dependent upon the facts and circumstances of individual cases. Suffice it to say that in this case, we find no such facts and circumstances. There is an affidavit pointing out only that defendant dropped off a roll of film for development; by itself, that demonstrates nothing concerning where the pictures may ultimately be found. The state asserts that there is testimony from an officer that persons who grow marijuana frequently store pictures of it at home. The state, however, fails to offer testimony or evidence that defendant is a person who grows marijuana.

■■ The state insists that, in rejecting the officer's testimony, we reject a long line of cases holding that an officer's "experience-based assessment" as to typical behavior of those under investigation is a proper basis for the issuance of a warrant. The state, however, misses the point. An officer may testify that, for example, in his or her experience, those who harvest marijuana store it at home. If there is evidence that a suspect has been observed harvesting marijuana, then a warrant properly may issue to search the suspect's residence. *State v. Milosevich*, 131 Or App 51, 54-55, 883 P2d 898, *rev den* 320 Or 492 (1994). However, the officer's testimony will not support the issuance of the warrant absent some evidence that the suspect actually has been harvesting marijuana. *See, e.g., State v. Evans*, 119 Or App 44, 47, 849 P2d 539 (1993).

■ In this case, the officer testified that people who grow marijuana frequently take pictures of it and store it at home. Yet, again, there is no testimony that defendant is, in fact, a person who grows marijuana. The state attempts to avoid that problem simply by reversing the terms of the argument, that is, by arguing that, because defendant took pictures of the marijuana, it is probable that she grew it. That sort of reasoning is not merely flawed in an arcane, technical sense; it is at odds with common sense. There is no question that an officer's "experience-based" observations may, in the proper circumstances, provide the basis for the issuance of a warrant. That is not the situation in this case.

Reconsideration allowed; opinion modified and adhered to as modified.

**EDMONDS, J.,** concurring.

When we decided *State v. Maxfield*, 133 Or App 371, 891 P2d 1342 (1995), I thought the opinion stood for the proposition that the seizure of the photograph portraying live, growing marijuana was insufficient by itself to afford probable cause to search the home of defendant, the person who had dropped the roll of film off at the photo finishing store. After all, the photograph could have been taken by anyone at any place. It did not provide probable cause to believe that evidence of a crime would be found at defendant's home. Consequently, I joined in the opinion.

After reading the state's motion for reconsideration, and the majority's response to it, I understand now that I was mistaken. The opinion also stands for the legal proposition that, in the words of the majority, "by itself, a photograph of a marijuana plant is [not] seizable evidence. There is no person pictured in those photos." 134 Or App at 544. The conclusion that the photograph is not "seizable evidence" in the context of the facts of this case is clearly wrong. The police knew that the rolls of film submitted by defendant for processing contained photographs of defendant, as well the growing marijuana. That fact leads to an inference that someone personally took a picture of the marijuana in its live state. Such a photograph of marijuana in a growing stage is evidence that, more likely than not, a crime has been committed.[1] *See* ORS 475.992. When probable cause exists to believe that a crime has been committed, evidence of that crime is seizable. However, that is not to say that the picture also afforded probable cause to search defendant's residence. Our prior opinion was correct in that respect. Because defendant correctly argued that the affidavit in support of the issuance of a search warrant for the search of her residence was insufficient to establish probable cause, I agree with the majority's result, but dissociate myself from part of its reasoning.

---

[1] For instance, if the photograph found in the possession of a private citizen had been of a dead body with a knife sticking in the body, the photograph would be seizable evidence that a crime had been committed. Similarly, a photograph of growing marijuana is evidence that a crime has been committed.