Argued and submitted May 2, affirmed June 21, petition for review denied
September 5, 1995 (321 Or 560)

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT L. USHER,
*Appellant.*

(93C20629; CA A83799)

897 P2d 1185

Larry R. Roloff argued the cause and filed the brief for appellant.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General.

Before Riggs, Presiding Judge, and Landau and Armstrong, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals convictions for unlawful delivery of a controlled substance and unlawful possession of a controlled substance. ORS 475.992. He assigns error to the trial court's denial of his motion to suppress evidence obtained pursuant to a search of his residence. Defendant asserts that the affidavits in support of the warrant to search his residence were insufficient to establish probable cause. He asserts several other assignments of error, as well. We write only to address the sufficiency of the affidavits in support of the warrant and affirm.

■　　When the sufficiency of an affidavit is challenged, we review the affidavit to determine whether the issuing magistrate reasonably could conclude, based on the information in the affidavit, that seizable things probably will be found at the location to be searched. *State v. Anspach*, 298 Or 375, 381, 692 P2d 602 (1984). "Probably" means "more likely than not." *State v. Maxfield*, 133 Or App 371, 374, 891 P2d 1342, *on recons* 134 Or App 542, 896 P2d 581 (1995).

The warrant to search defendant's residence is supported by two affidavits. The first recites that, sometime after February 17, 1993, Officer Paisley arranged a purchase of methamphetamine from an informant, Bentley, who told Paisley that he would have to go to an unidentified location on Second Street to get the drugs, and that he would return in ten minutes. Bentley was then seen driving to a house later identified as defendant's residence, where he made contact with an unidentified individual and returned with two zip-lock baggies containing methamphetamine.

The second affidavit recites that, on March 4, 1993, Paisley set up another purchase through Bentley. Officers saw Bentley enter defendant's residence. A short time later, the officers saw Bentley leave defendant's residence and return to Paisley with a zip-lock bag of methamphetamine. Bentley told Paisley that "1/2 ounce quantities (of methamphetamine) would be accessible anytime."

The officers immediately obtained a warrant to search defendant's residence. The next day, police searched the house and recovered drugs, large sums of cash and drug paraphernalia. Defendant was charged with unlawful delivery and unlawful possession of a controlled substance. He

unsuccessfully challenged the sufficiency of the affidavits in support of the warrant and was convicted after a trial on stipulated facts.

■■■ On appeal, defendant again argues that the affidavits in support of the warrant were insufficient to establish probable cause to believe that seizable evidence would be found at his residence. According to defendant, under *State v. Scheer*, 49 Or App 937, 620 P2d 973 (1980), and *State v. Kittredge/Anderson*, 36 Or App 603, 585 P2d 423 (1978), an affidavit in support of a warrant to search a residence for controlled substances must contain information concerning the quantity of controlled substance observed at the place to be searched, the identity of the person in whose possession the controlled substance was observed and the prior history of the location. We disagree.

In *Scheer*, the affidavit in support of the warrant to search the defendant's residence stated that an informant had seen at the residence "a quantity of green vegetable material" that the informant believed to be marijuana. On the basis of that information, two days later, the police obtained a warrant to search the defendant's residence. The trial court denied the defendant's motion to suppress, and we reversed. We noted the absence of any information of the precise quantity of marijuana observed, or the identity of the person or persons in possession of it or the history of the premises, and concluded that the facts were insufficient to establish probable cause to believe that, two days later, marijuana would still be there. We did not, however, require any particular information to be in a warrant:

> "The phrase, 'a quantity of green vegetable material,' is simply insufficient, without other information, to justify a magistrate in believing that any quantity will be found by the time the search warrant is issued. We do not mean to suggest that it is necessary for the informant to describe the particular quantity involved. We do suggest, however that *something* must be said, in addition to the description, 'a quantity,' to suggest that either the amount in question is sufficiently large so that it will not be immediately consumed, or that the parties present are not likely to consume it, or that the item sought is not consumable, or the like."

49 Or App at 941. (Emphasis in original.)

Similarly, in *Kittredge/Anderson*, the affidavit in support of the warrant to search the defendant's residence said only that, within the previous four days, an informant had observed at the residence "the narcotic drug, marijuana." The defendant moved to suppress, on the ground that the information in the affidavit was stale. The trial court granted the motion, and we affirmed. We again noted that there was no information about the quantity of the marijuana, the identity of those in possession of it or the prior history of the suspects. We did not say that all of that information is required. To the contrary, we said that "a further detailing of *any* of the above items might have tipped the scales." 36 Or App at 607. (Emphasis supplied.)

In this case, unlike *Sheer* or *Kittredge/Anderson*, the information in the affidavit was not stale. The police officers obtained the warrant to search defendant's residence on the same day that the informant advised them that methamphetamine had been purchased there. In addition, the informant told the police that there was at least enough methamphetamine that "1/2 ounce quantities * * * would be accessible anytime." Finally, there was evidence of at least one prior purchase of methamphetamine at the same residence about two weeks earlier. Taken together, those facts are sufficient to permit a reasonable magistrate to conclude that it was probable that methamphetamine would be found at defendant's residence at the time the warrant was issued.

Affirmed.