Argued and submitted July 23, 1997, affirmed in part; reversed and remanded in part January 7, petition for review allowed May 26, 1998 (327 Or 173)

STATE OF OREGON,
*Appellant,*

*v.*

JACKIE ARLIS GOODMAN,
*Respondent.*

(95CR2733FE; CA A91979)

952 P2d 558

Timothy A. Sylwester, Assistant Attorney General, argued the cause for Appellant. On the brief were Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Judith Brant, Assistant Attorney General.

Dan Maloney, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

The state appeals from an order suppressing evidence found at defendant's residence. ORS 138.060. The trial court held that the affidavit did not establish probable cause to search defendant's residence. We affirm in part and reverse in part.

We take the facts from the affidavit. While on aerial surveillance, a member of the Douglas County Interagency Narcotics Team (DINT) observed an outdoor marijuana-growing operation on forest land belonging to Rosboro Lumber Company. With the company's permission, Detective Case of DINT entered the well-concealed marijuana garden, where he discovered 13 marijuana plants, a Coleman cooler, a red and white flannel shirt and a nylon stocking. DINT officers installed a video camera at the garden's concealed entrance. The camera recorded two persons coming out of the garden. One was unidentified; the other was identified by the affiant as defendant. On the videotape, defendant was sporting a blue and white flannel shirt, a "cammo" baseball cap, blue jeans, and white tennis shoes. Extrapolating from his 18 years of training and experience in law enforcement, the affiant, Detective Stephens, averred that, in general, marijuana growers tend to keep various kinds of incriminating evidence in their residences, including marijuana, tools and paraphernalia.

Based on the affidavit, the trial court issued a search warrant for defendant's residence, located some eight-and-one-half miles from the marijuana garden. The warrant also specified defendant's clothes worn in the video for the purpose of identifying him. After serving the warrant, officers found and seized scales containing marijuana residue, marijuana, rolling papers, photographs, the shirt defendant was seen wearing on the videotape and over $4,000 in currency.

Defendant filed a motion to suppress the evidence, contending that the search warrant affidavit did not establish probable cause for issuance of the warrant to search defendant's residence. The state assigns error to the trial court's order granting the motion. We agree with the trial

court's ruling concerning the marijuana, tools and paraphernalia, but disagree with the ruling suppressing the evidence of the shirt.

When the sufficiency of an affidavit is challenged, we must determine whether a reasonable magistrate could conclude that there was probable cause to believe that seizable items were likely to be found in the place to be searched, based on facts and information set forth in the affidavit. *State v. Villagran*, 294 Or 404, 408, 657 P2d 1223 (1983). Under ORS 133.545(4), an application for a search warrant must be

> "supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched."

In a marijuana-growing case such as this, an affidavit must satisfy two requirements in order to support the issuance of a warrant authorizing the search of a residence. First, it must contain objective observations sufficient to show probable cause to believe that there is a relationship between the people residing on the premises and the marijuana garden. Secondly, it must contain specific facts to support probable cause to believe that marijuana or certain kinds of implements of cultivation or paraphernalia for processing or selling marijuana are in the building to be searched. *State v. Evans*, 119 Or App 44, 47, 849 P2d 539 (1993).

Here, there is no question that the first requirement is satisfied. The only issue, therefore, concerns the second requirement, and the facts here are virtually indistinguishable from *Evans*. In *Evans*, we held that the affidavit failed to meet the second requirement because there were "no facts whatsoever linking the marijuana plants to anything in the residence." *Id*. at 47. As here, the only link in *Evans* was the expertise of the officer. We ruled in *Evans* that,

> "[s]tanding alone, the officer's intuition or professed knowledge of the common practices of people who grow, distribute and sell marijuana is not an additional fact supporting probable cause that *this* particular residence contained any particular evidence." *Id*.

■ The state attempts to distinguish this case from *Evans* by relying on our observation in *Evans* that most of the officer's knowledge was about marijuana dealers, as opposed to growers, and that there was no evidence in *Evans* that the defendant was a dealer in addition to being a grower. Here, the state points out, the officer's expertise specifically relates to growers. The focus of the officer's expertise, however, was not determinative in *Evans*, but was simply an additional fact that detracted from the probable cause. Here, the affidavit, as was the case in *Evans*, lacked any facts providing a nexus linking the marijuana growing operation to the residence to be searched. The trial court's ruling suppressing the marijuana, tools and paraphernalia evidence is correct.

The state conceded at oral argument that it did not preserve below an inevitable discovery or plain view argument concerning the marijuana, tools and paraphernalia evidence seized. Because the state withdrew those claims at oral argument, we do not address them.

■ Defendant's blue flannel shirt was seized pursuant to the warrant for the purpose of identifying him as the suspect captured on videotape leaving the garden. Although the affidavit did not provide probable cause to search defendant's residence for marijuana, tools and paraphernalia, it clearly established probable cause to search for items of clothing worn while defendant was tending the garden. The trial court erred in suppressing the admission of the shirt into evidence.

Affirmed in part; reversed and remanded in part.