Submitted March 8, reversed and remanded July 27, 2011

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

RANDOLPH LEE MARSING,
*Defendant-Respondent.*

Jackson County Circuit Court
091255AFE; A143185

260 P3d 739

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for appellant.

Peter Gartlan, Chief Defender, and Shawn E. Wiley, Chief Deputy Defender, Office of Public Defense Services, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

SERCOMBE, J.

**SERCOMBE, J.**

This case concerns whether an affidavit used to support the issuance of a search warrant was sufficient to establish that evidence of a crime would be found when the warrant was executed. On the basis of an affidavit by a police detective, a magistrate issued a search warrant to obtain evidence of the crimes of possession and delivery of marijuana from defendant's residence and nearby outbuildings and vehicles.[1] Defendant was indicted for those crimes based on evidence seized during the execution of the warrant. Defendant moved to suppress that evidence, claiming that the search warrant was invalid because the supporting affidavit did not establish probable cause that evidence would be found at that location. The trial court granted defendant's motion. The court concluded that the affidavit failed to prove probable cause.

The state appeals from the order suppressing the seized evidence. We agree with the state's contention that the magistrate did not err in determining that the affidavit was sufficient to show probable cause to search defendant's premises under the applicable statutory and constitutional standards.[2] Accordingly, we reverse the court's order.

---

[1] With some exceptions, ORS 475.840(1) makes it unlawful for a person "to manufacture or deliver a controlled substance." Marijuana is a "controlled substance" as that term is defined by ORS 475.005(6). ORS 475.860 also criminalizes unlawful delivery of marijuana. Unlawful possession of marijuana is proscribed by ORS 475.864 as a felony, misdemeanor, or violation, depending upon the amount of the marijuana possessed and the location of the crime.

[2] Standards for the issuance of a search warrant are set out in the federal and state constitutions and state statutes. The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause." Article I, section 9, of the Oregon Constitution requires that "no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." Under ORS 133.545(4), an application for a search warrant "shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched." ORS 133.555(2) provides that a judge shall issue a search warrant if "there is probable cause to believe that the search will discover things specified in the application." "Probable cause" has the same meaning throughout these constitutional and statutory requirements. *See State v. Anspach*, 298 Or 375, 380, 692 P2d 602 (1984) (the "definition of probable cause as used in Oregon's statutes is not inconsistent with the constitutional standard").

The legal issue in this case is "whether a neutral and detached magistrate could conclude, based on the facts and circumstances shown by the affidavit, that there was probable cause to believe that the search would discover things specified in the affidavit in the places requested to be searched." *State v. Castilleja*, 345 Or 255, 270, 192 P3d 1283, *adh'd to on recons*, 345 Or 473, 198 P3d 937 (2008). In making that legal determination, however, we are required to consider any reasonable inference that could have been drawn from the facts in the affidavit to support the magistrate's determination of probable cause. *State v. Goodman*, 328 Or 318, 326, 975 P2d 458 (1999).

The examination to determine whether the magistrate reasonably could conclude that probable cause to search exists is often expressed as giving "deference" to the issuing magistrate's determination of probable cause. *State v. Pelster/Boyer*, 172 Or App 596, 600, 21 P3d 106, *rev den*, 332 Or 632 (2001) (Oregon law requires a reviewing court to "defer to the issuing magistrate's determination of probable cause"). Mindful of the need to review the sufficiency of an affidavit "in a commonsense, nontechnical and realistic fashion looking at the facts recited and the reasonable inferences that can be drawn from those facts," *State v. Wilson*, 178 Or App 163, 167, 35 P3d 1111 (2001) (citation and internal quotation marks and alteration omitted), we turn to the allegations in the affidavit in the present case, the trial court's ruling, and the contentions of the parties on appeal.

The affidavit was made by Adams, a detective with the Jackson County Sheriff's Office. Adams alleged facts pertaining to his experience, the background of a confidential reliable informant, his previous use of the informant in making two police-monitored purchases of controlled substances from other persons, his recent use of the informant in purchasing marijuana from defendant at defendant's residence, and conclusions from Adams's "training and experience" about the tendencies of persons who possess or distribute marijuana. The parts of the affidavit that are most relevant to our discussion are as follows:

> "I have reason to believe that the *residence*, garage, out buildings and the premises located at *130 Orr Drive*, in the

unincorporated portion of the City of Central Point, County of Jackson, State [of] Oregon, the person of [defendant], and [defendant's vehicles], contain evidence of the crimes of possession, and delivery of Marijuana. The evidence may include but is not limited to the following: [description of items to be seized].

"The said *residence* is a single story wood framed residence, blue in color with blue trim. *The numbers 130* are on an eave above the front door in four inch black numbering.

"I have driven to and know this premises can be located by [description of route to 130 Orr Drive]. When stopped in front of the *residence, you will see the numbers 130 in black numbers* on the eave above the front door. * * *

"* * * * *

"The facts that support my above described beliefs are as follows:

"I conducted a computer generated search of [defendant], and learned his address is *130 Orr Drive*, Central Point, Oregon. [Defendant] lists this address on his Oregon drivers license, and also registered *this address* with the Oregon State Police sexual offender registration as *his residence* as of 04-01-2008.

"Within the past 72 hours a Confidential Reliable Informant herein referred to as a CRI purchased as much as [a] half ounce of marijuana from [defendant at] *his residence* while under my control. Before the controlled buy Deputy Anderson * * * and I met with the CRI. The CRI told us he/she can purchase marijuana from a male the CRI knows as [defendant] who lives on Orr Drive, Central Point, Oregon. The CRI told us that he/she has purchased marijuana from [defendant] *at [defendant's] residence.*

"[A description of the preparation for the controlled buy is given.] We followed the CRI directly to *130 Orr Drive*, Central Point, Oregon, to ensure no stops were made. A short time later the CRI left *the residence* * * *. * * * The CRI told me that he/she gave the * * * buy money to [defendant] and that he/she purchased the drugs from [defendant] at 130 Orr Drive, Central Point, Oregon. * * * The CRI told me that he/she saw scales and a small amount of marijuana in *the residence*. The CRI told us that [defendant] discussed the future purchase of marijuana. * * *

"* * * * *

"[A description of the previous use of the CRI is made.] The CRI has told me he/she has made purchases of marijuana from [defendant] in the past. The CRI told me he/she has made purchases up to an ounce of marijuana at a time from [defendant] at least six to seven times in the past."

(Emphases added.)

Based on those facts, Adams requested a warrant to search "the residence, garage, all outbuildings, [vehicles], and the premises located at 130 Orr Drive," as well as defendant's person, for evidence of the possession and sale of marijuana. A magistrate issued the warrant. The resulting search produced 17 grams of marijuana, along with packaging material and a digital scale.

Defendant was indicted for the crimes of unlawful delivery of a controlled substance, ORS 475.840, and unlawful possession of marijuana, ORS 475.864. He then moved to suppress the evidence seized during the execution of the search warrant. Defendant argued that, because the informant saw only a "small amount" of marijuana during the controlled buy, there was no probable cause to believe that the marijuana would still be present three days later at the time of the search. Defendant further contended that the affidavit failed to establish that evidence of ongoing criminal activity at the Orr Drive residence would be found. The problem with the affidavit, according to defendant, was that the allegations of past drug transactions were not expressly linked to the Orr Drive residence. Because of that, defendant claimed there was an insufficient basis from which to extrapolate a probability that evidence of future crimes would be uncovered during a search.

The trial court ordered suppression of the evidence, concluding that

"the affidavit in support of the search warrant issued on October 31, 2008, is insufficient as a matter of law to establish probable cause to believe that evidence of a crime would be discovered at Defendant's residence. The Court notes that there is insufficient information [in] the affidavit to indicate the existence of ongoing criminal activity in Defendant's residence at 130 Orr Drive. The court calls particular

attention to [the allegation], wherein it is averred that the informant purchased marijuana previously from Defendant in Defendant's residence. Had there been some indication that the referenced residence was the same residence as 130 Orr Drive, the Court would have determined otherwise."

On appeal from that order, the state argues that the court failed to draw a reasonable inference from the affidavit that the informant purchased marijuana at the Orr Drive residence at least once prior to the controlled buy. With that inference, the state contends, probable cause that law enforcement officers would find evidence of marijuana possession and delivery was established by the informant's history of purchasing drugs from defendant, the controlled buy transaction, the informant's observation of marijuana and scales at the house, and defendant's discussion with the informant of future purchases of marijuana. Defendant reiterates his arguments made to the trial court, adding that the affidavit did not establish the time or location of any past drug transactions and the evidence of any ongoing drug activity was stale by the time the warrant issued.

We conclude that the magistrate who issued the search warrant reasonably could have concluded from the affidavit that evidence of marijuana possession and delivery would be found at the Orr Drive residence. As noted, "[p]robable cause exists if the magistrate could reasonably conclude that seizable things probably will be found in the place to be searched." *State v. Apolo*, 126 Or App 652, 656, 870 P2d 243, *rev den*, 319 Or 81 (1994). We resolve doubtful or marginal cases in favor of the determination of probable cause. *State v. Henderson*, 341 Or 219, 225, 142 P3d 58 (2006) ("While adhering to the probable cause requirement, we resolve doubtful or marginal cases in favor of the preference for warrants."). This case, however, is not doubtful or marginal.

A reasonable magistrate could have concluded from the allegation that the informant "has purchased marijuana from [defendant] at [defendant's] residence" that that past purchase was made at 130 Orr Drive. That inference supported the conclusion of probable cause to search and was reasonable to draw. The affidavit referred to a "residence"

nine times. Five of the references to "residence" were linked explicitly to the 130 Orr Drive address: "the residence * * * located at 130 Orr Drive"; "[t]he said residence" with "[t]he numbers 130 * * * on an eave"; "the residence" with "the numbers 130 in black numbers on the eave"; "130 Orr Drive" address "registered * * * as his residence"; and "the residence * * * located at 130 Orr Drive." The word "residence" was used three other times in describing the place where the controlled buy occurred, and that place was separately identified as "130 Orr Drive, Central Point, Oregon."

The only time the location of a "residence" was not explicitly identified as the Orr Drive house is in the allegation of past purchasing of marijuana "at [defendant's] residence." Earlier in the same paragraph, however, Adams averred that the informant purchased marijuana from defendant during the controlled buy at "his residence." It is easy to conclude that "[defendant's] residence"—where the past purchasing occurred—was the same place as "his residence"—where the controlled buy occurred—and the same place as the 130 Orr Drive "residence" that was noted seven other times in the affidavit. The trial court erred in determining that a reasonable magistrate could not reach that conclusion.

Thus, consistent with the magistrate's decision to issue the search warrant, the affidavit did establish that the informant purchased drugs at that location at least once before the controlled buy. It is also inferable that the purchase was within the previous seven months, because defendant notified authorities that he had resided at the Orr Drive address since April 2008. That purchase, together with the controlled buy of marijuana at the Orr Drive residence, the informant's observation of drugs and scales typically used in drug transactions at that location, and defendant's discussion of future drug sales is more than ample to establish probable cause to believe that drugs and evidence of drug distribution would be found at the 130 Orr Drive location.

Defendant is correct that identification of an unspecified quantity of drugs at a location is insufficient by itself to justify issuance of a search warrant. In *State v. Scheer*, 49 Or App 937, 939, 620 P2d 973 (1980), the supporting affidavit

stated that an informant had seen, at the defendant's residence, "a quantity of green vegetable material" that the informant believed to be marijuana. Two days later, the police obtained a warrant to search the defendant's residence based on that information. We concluded, in the absence of any other information regarding the quantity of marijuana observed, the identity of the person or persons in possession of it, or the history of the premises, that the facts were insufficient to establish probable cause to believe that, two days later, marijuana would still be there. *Id.* at 941.

Thus, evidence of illegal activity that is "stale," *i.e.*, diminished by the passage of time, may not be sufficient by itself to establish probable cause to believe the evidence of a crime currently exists at the location to be searched. Stale evidence, however, can be refreshed by similar and more current evidence. *See State v. Keerins*, 197 Or App 428, 434-35, 106 P3d 166, *rev den*, 338 Or 681 (2005) (eight-month-old information of drug dealing at residence refreshed with recent information of similar conduct).

The allegations in the affidavit here, however, described additional circumstances beyond a "small amount" of marijuana at the Orr Drive residence that could no longer be there or a single, long-past unlawful activity unconnected to present circumstances. With all reasonable inferences, the affidavit described past, recent, and likely drug dealing at 130 Orr Drive. Based on that description, the magistrate did not err in determining that the affidavit established probable cause to search the premises at that location for evidence of drug dealing.

Reversed and remanded.