On respondent on review Michael Santos Castilleja's petition for reconsideration filed October 2, considered and under advisement November 19,* petition for reconsideration allowed; former opinion (345 Or 255, 192 P3d 1283) adhered to December 18, 2008

STATE OF OREGON,
*Petitioner on Review,*

*v.*

AMBER SERENITY CASTILLEJA,
*Respondent on Review.*

(CC CR030092; CA A127255 (Control))

STATE OF OREGON,
*Petitioner on Review,*

*v.*

MICHAEL SANTOS CASTILLEJA,
*Respondent on Review.*

(CC CR030093; CAA127256; SC S055472)

198 P3d 937

---

* 345 Or 255, 192 P3d 1283 (2008).

Leland R. Berger, Portland, filed the petition for respondent on review Michael Santos Castilleja.

No appearance on behalf of petitioner on review State of Oregon or respondent on review Amber Serenity Castilleja.

GILLETTE, J.

**GILLETTE, J.**

In *State v. Castilleja*, 345 Or 255, 192 P3d 1283 (2008), this court held that the Court of Appeals erred in affirming a trial court ruling that suppressed evidence of drug activity of defendants Michael and Amber Castilleja, who are husband and wife. The trial court had entered its order suppressing evidence on the ground that a police officer's affidavit that led to issuance of a search warrant for defendants' home did not supply probable cause to support the search. In particular, as relevant here, this court held that the Court of Appeals erred in deferring to the trial court's decision to discount statements made to police officers by Loewen, who is Amber Castilleja's mother and Michael Castilleja's mother-in-law, during an initial, warrantless search of defendants' home. This court held that Loewen's statements to the police should not have been discounted and, when those statements were given their due weight, it was clear that probable cause supported the warrant. *Id.* at 270-71.

Petitioner Michael Castilleja ("Michael") seeks reconsideration of this court's decision. He asserts that, in the trial court hearing on the defendants' motion to suppress, both defendants asked the trial court to find that an initial, warrantless entry by the police into their house was unlawful and, therefore, that *all* the evidence obtained as a result of that entry into their house should be suppressed. The trial court agreed that the initial entry by the police into the house was unlawful, and the state did not challenge that ruling. Then, because information that the police obtained in that initial search was used in a police officer's affidavit to support a subsequent search warrant, both defendants asked the trial court to excise the improperly obtained information from the affidavit and determine if the affidavit still provided probable cause to justify issuing the warrant.

The trial court agreed to excise from the affidavit all information concerning what the officers saw when they first searched the house. Among other things, however, defendants also asked the trial court to excise all the statements that Loewen made to the officers after she went inside the

house with them. Defendants argued that the officers' conversation with Loewen would not have taken place but for the unlawful entry. Specifically, defendants argued that, when Loewen was showing the officers around the house, she was commenting on what she knew about the defendants' drug-related conduct, such as the fact that both defendants had had permits for possession of medical marijuana (although she believed that Michael's permit had lapsed), that defendants possessed marijuana in excess of their permit limits, and that defendants had two pounds of marijuana in plastic bags in a closet. That conversation, defendants argued, would not have happened if not for the unlawful entry. The trial court rejected that argument, stating that nothing suggested that the conversation that Loewen had had with the officers inside the house was anything more than a continuation of the conversation that she had already begun outside the house. Accordingly, the trial court declined to excise Loewen's statements to the police officers from the affidavit.

However, when the trial court reviewed the parts of the affidavit remaining after the excisions to determine if the affidavit provided probable cause to support the warrant, the trial court discounted Loewen's statements in their entirety, because Loewen was wrong about the validity of Michael's medical marijuana permit and because the court believed that Loewen was not neutral in her motives in giving the police information. Having discounted Loewen's statements for those reasons, the trial court concluded that the affidavit did not provide probable cause to issue the warrant. It therefore suppressed the evidence seized as result of the warrant.

The state appealed that ruling to the Court of Appeals. Michael[1] cross-appealed, arguing that the trial court erred when it failed to excise from the search warrant affidavit the statements Loewen made to the officers inside the house. The Court of Appeals affirmed the ruling of the trial court suppressing the evidence seized as a result of the warrant, *State v. Castilleja*, 215 Or App 235, 168 P3d 1177

---

[1] Amber Castilleja, who was represented by different counsel, did not cross-appeal.

(2007), and therefore did not need to and did not address Michael's cross-appeal. *Id.* at 253-54.

We allowed the state's petition for review of the Court of Appeals decision. Michael filed a merits brief answering the state's arguments on review, in which he stated, in a footnote, that he did not intend to abandon his argument made on cross-appeal in the Court of Appeals.

As noted, this court reversed the decision of the Court of Appeals. We concluded that the Court of Appeals erred in deferring to the trial court's determinations regarding the truth of the information in the affidavit and that, when that information, including Loewen's statements, was properly considered, the affidavit more than amply provided probable cause justifying the search warrant. *State v. Castilleja*, 345 Or at 270-71.

Defendant now seeks reconsideration, contending that this court's decision revived his argument that the trial court erred in failing to excise Loewen's statements from the affidavit, because those statements were derived from the illegal entry into the Castilleja home. Because this court did not address that argument in its opinion, he asks that we do so now. We agree with defendant that our former opinion overlooked the point that he raises. We therefore allow reconsideration to address it.

Turning to the merits of his argument, Michael asserts that all evidence derived from an illegal search must be suppressed. He argues that, in this case, that includes information that the police obtained from Loewen about his drug activities, because the police officers were exploiting the illegal entry into his home when they obtained Loewen's statements. He therefore argues that it was incumbent on the state to prove either that Loewen's statements inevitably would have been obtained through lawful means, that the police obtained the evidence independently of the earlier violation of his rights, or that the earlier violations of his rights had such a tenuous connection to the disputed evidence that the unlawful police conduct cannot properly be viewed as the source of that evidence. *See State v. Johnson*, 335 Or 511, 520-21, 73 P3d 282 (2003) (explaining that approach); *State v. Hall*, 339 Or 7, 24-25, 115 P3d 908 (2005) (same).

Here, the initial illegality is undisputed. During much of their conversation with Loewen, the police were unlawfully in defendants' home. However, it does not appear on this record that *where* Loewen was had anything to do with either the fact of or the content of Loewen's statements to the police: Whether the police had been invited into the house or not, Loewen was going to say what she said. At least, that was the trial court's view of the evidence. The evidence permits that inference, and this court ordinarily accepts such findings as binding. *See Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968) (explaining that practice). We see nothing to justify our departing from that practice here. Michael's argument thus is not well taken, and our former opinion should be adhered to.

The petition for reconsideration is allowed. Former opinion is adhered to.