Argued and submitted September 20, affirmed December 1, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM TAYLOR FRONTERHOUSE,
*Defendant-Appellant.*

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KRISTI LYNN CONANT,
*Defendant-Appellant.*

Josephine County Circuit Court
06CR0420, 06CR0421;
A139654 (Control), A139655

243 P3d 1208

David A. Hill argued the cause and filed the brief for appellant.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendants in these consolidated appeals were convicted of unlawful possession and unlawful manufacture of marijuana. ORS 475.864(2); ORS 475.856. They argue that the trial court erred in denying their motions to suppress evidence discovered pursuant to a warranted search of their property. For the reasons explained below, we affirm.

■ An application for a warrant must be supported by "one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places * * * to be searched." ORS 133.545(4). A magistrate may issue a search warrant that is supported by probable cause to believe that the search will discover things specified in the application. ORS 133.555(2). In reviewing a magistrate's decision to issue a warrant, a reviewing court must "evaluate the sufficiency of the facts alleged in the affidavit, the reasonableness of any inferences involved in resolving the legal question presented by the probable cause determination, and, ultimately, the existence of probable cause to support the warrant." *State v. Castilleja*, 345 Or 255, 265-66, 192 P3d 1283 (2008).

A party seeking suppression of evidence discovered in a warranted search may "contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure." ORS 133.693(1). When the challenged evidence has been seized pursuant to a warrant, the defendant "shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful." ORS 133.693(3).

■ In the present case, Detective Goodpasture of the Marijuana Eradication Team sought a warrant to search defendants' property, asserting that he had probable cause to believe that evidence of manufacture, delivery, and possession of marijuana would be found there. Goodpasture averred that he had more than 30 years' experience in law enforcement and more than 20 years' experience in identifying marijuana grow operations from the vantage of fixed wing aircraft and helicopters. He averred that he had located hundreds of

marijuana gardens from the air, had been involved in more than 300 marijuana seizures, and was "acquainted with what marijuana looks like[.]" Based on his aerial surveillance, Goodpasture had detected more than 225 locations where he believed marijuana was being cultivated and had "been in error six times of the more than 225 sightings, for an error factor of less than 3%."

Goodpasture further averred that, while flying over defendants' property:

"With my unaided vision, from a distance of more than 500 feet above ground level, I observed what I believe to be marijuana plants growing in a greenhouse type structure; the south end of the greenhouse was open and the marijuana plants inside were clearly visible; some marijuana plants were observed outside the greenhouse. * * * At the time of the marijuana sighting I photographed the marijuana plants and also the surrounding areas to aid in later identification of the exact location and to obtain additional details about the growing operation. I later examined the photographs and counted at least eight marijuana plants."

Goodpasture explained how he used the photos, in conjunction with the county planning office's aerial photos, to determine that the greenhouse was located at defendants' address and that the power consumption at that address was higher than average.

Based on that affidavit, a magistrate issued the warrant, and during the ensuing search, the evidence that defendants seek to suppress was discovered. Defendants moved to suppress the evidence discovered during the search. More specifically, they challenged the statement in the affidavit that Goodpasture was able to count at least eight marijuana plants by examining the aerial photographs. At the hearing, Goodpasture acknowledged that he was unable to count eight marijuana plants in the copies of the photographs that the prosecution had provided to the defense. The trial court agreed with defendants and concluded that they had successfully controverted the statement in the affidavit about Goodpasture being able to count eight plants in the photographs. Accordingly, the court excised that sentence from the affidavit.

The court ultimately concluded, however, that after the excision, the remainder of the affidavit was sufficient to establish probable cause for the search. *See generally Castilleja*, 345 Or at 266 n 6 (court is required "to evaluate the sufficiency of the affidavit based on the remaining accurate allegations in the affidavit after excision"). Accordingly, the trial court denied the motion to suppress. Thereafter, defendants were convicted, and this appeal ensued.

On appeal, defendants assert that Goodpasture's affidavit, as excised by the trial court, did not establish probable cause and, therefore, the court erred in denying their motion to suppress.[1] In particular, defendants rely on *State v. Carter/Grant*, 316 Or 6, 848 P2d 599 (1993). They assert that this case is comparable to *Carter/Grant* because Goodpasture's affidavit did not contain sufficient information as to why he believed the plants he saw were marijuana plants. They assert that, under *Carter/Grant*, an affiant is required to provide a detailed description of characteristics unique to marijuana plants and to aver that the affiant was able to recognize the plants based on those unique characteristics.

In *Carter/Grant*, as in this case, the question was whether an affidavit in support of a warrant established probable cause. There, an officer averred that he saw green plants through the windows of a house and that he saw a color and a stem that were "consistent with" marijuana. 316 Or at 8. He averred that he was experienced in the visual identification of marijuana and recited his experience, but his "affidavit did not state that the green plants that he saw * * * were marijuana or that he believed them to be." *Id*.[2] In concluding that the affidavit did not establish probable cause, the court said:

> "The officer did *not* swear that he could or did identify the green plants observed as marijuana, or that he believed

---

[1] The state cross-assigns error to the trial court's excision of the sentence in the affidavit concerning the photographs. Given our disposition of defendants' assignment of error, we need not reach the state's cross-assignment of error.

[2] As the court noted, the plants visible through the window turned out to be houseplants. The evidence sought to be suppressed was discovered elsewhere in the house. *Id*. at 11 n 4.

the plants to be marijuana. His affidavit does not state, as a particular fact, that the color and stem shape were somehow unique to marijuana, as compared to other plants. He simply swore that the color was 'consistent with' marijuana and that, when he looked with binoculars, both color and stem were 'consistent with' it.

"Omissions are of significance when evaluating an affidavit for a warrant. *See State v. Harp*, 299 Or 1, 697 P2d 548 (1985) (omission of fact that there was a 3/8-mile distance between marijuana and residence, affects inferences that may be drawn from warrant). Here the affidavit omitted any conclusion drawn as to the nature of the green plant observed or whether affiant, as a person trained and experienced in identifying marijuana visually, drew any conclusion. The affidavit included no information as to why commonplace observation of a green plant in a residence window would support a finding, or probable cause to believe that the plant the observer saw was marijuana. It is not a particular fact causing one to believe that the seizable thing is there. Those comments are not a criticism of what the officer put in his affidavit. Rather, simply stated, what the affidavit included was not enough, because it did not state that the plant observed was, or was believed to be, marijuana.

"A fact that merely supports an inference that some other fact is possible—as one among the range of many other and different possibilities—does not support an inference that any specific one of the possible facts is itself probable. Probable cause is necessary to support a warrant, not merely one possibility, among many. The information alleged is sufficient to support a conclusion that defendants had a green plant or plants in their house, but not that any plant probably was marijuana."

*Id.* at 12-13 (emphasis in original).

 Defendants seize on the statement quoted above that the affidavit at issue in *Carter / Grant* did not aver "as a particular fact, that the color and stem shape were somehow unique to marijuana, as compared to other plants." *Id.* Defendants conclude from that statement that, because Goodpasture failed to describe any unique characteristics of the marijuana he observed growing on defendant's property,

the affidavit was fatally defective. We reject defendants' suggestion that *Carter/Grant* requires affidavits in support of searches for marijuana to specify that an officer observed characteristics that were unique to marijuana. A probable cause determination is based on the totality of the circumstances. *State v. Anspach*, 298 Or 375, 380, 692 P2d 602 (1984). Thus, we consider the entire contents of the affidavit (as excised), to determine whether probable cause existed; we do not merely scrutinize the affidavit for accurate physical descriptions of the unique qualities of marijuana plants. As the court emphasized in *Carter/Grant*, the affidavit was required to demonstrate that it was more probable than not that the object to be seized was marijuana; there, the officer did not aver that he *believed* the object to be marijuana; he merely opined that certain aspects of it (its color and stem) were "consistent with" marijuana. The problem in *Carter/Grant* was that the color and stem might have been "consistent with" marijuana and with every other green plant in the state, as far as the affidavit showed.

Here, by contrast, the affiant had more than 20 years' experience with aerial surveillance for marijuana plants, he had identified what he believed to be more than 225 marijuana grow operations with less than a three percent error rate, and, most importantly, he averred that he did, in fact, believe that the plants he observed at defendants' residence were marijuana plants. Under the totality of the circumstances, we conclude that the affidavit established that Goodpasture subjectively believed that the plants he observed were marijuana plants, and that, in light of his significant experience in detecting marijuana plants under similar circumstances, objective probable cause existed to support the issuance of the warrant.

Accordingly, we conclude that the trial court properly denied defendants' motion to suppress.

Affirmed.