Submitted December 19, 2016; part of order suppressing evidence found in
defendant's RV reversed and remanded, otherwise affirmed March 22, 2017

### STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

### STEVEN JAMES KLINGLER,
*Defendant-Respondent.*

Douglas County Circuit Court
14CR3019FE; A159252

393 P3d 737

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for appellant.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

**SHORR, J.**

The state appeals from a pretrial order granting in part and denying in part defendant's motion to suppress. We have jurisdiction to review the order under ORS 138.060(1)(c). After his home, a recreational vehicle (RV), was searched pursuant to a search warrant, defendant was charged by indictment with one count of delivery of methamphetamine within 1,000 feet of a school, ORS 475.892, one count of unlawful delivery of methamphetamine, ORS 475.890, one count of unlawful possession of methamphetamine, ORS 475.894, one count of driving while suspended, ORS 811.182, and one count of unlawful possession of between one and four ounces of marijuana, ORS 475.864(3)(b) (2013), *amended by* Or Laws 2015, ch 1, § 79; Or Laws 2015, ch 614, § 123; Or Laws 2016, ch 24, § 46. Defendant moved to suppress the evidence discovered as a result of the search. The trial court granted defendant's motion in part, concluding that the affidavit supporting the warrant did not state facts sufficient for a reasonable and detached magistrate to find probable cause to search defendant's RV. The state appeals, claiming that the trial court's decision was erroneous because, when read in its entirety, the affidavit did establish probable cause to search defendant's RV. We agree with the state and, accordingly, reverse and remand the part of the order suppressing evidence found in defendant's RV and otherwise affirm.

We take the facts from the uncontroverted portions of the affidavit submitted in support of the warrant. *State v. Goodman*, 328 Or 318, 325, 975 P2d 458 (1999). The relevant facts are undisputed. Detective Hansen, a member of the Douglas Interagency Narcotics Team, began investigating defendant for delivery of methamphetamine. In an attempt to discover where defendant resided, Hansen spoke with Sergeant Tilley of the Douglas County Sheriff's Office, whom Hansen knew was familiar with defendant. Tilley told Hansen that defendant had been living in Sutherlin in one of the two RVs that defendant owned. However, Tilley also told Hansen that defendant had recently moved, and, though one of his RVs remained in Sutherlin, Tilley did not know where the other RV was located. Following additional

investigation, Hansen discovered that defendant was residing in his second RV on property within 1,000 feet of a school in Oakland.

On December 2, 2014, Hansen conducted surveillance of defendant's residence in Oakland. While watching defendant's home, Hansen saw defendant leave in a blue Toyota truck. At that time, Hansen knew, based on previous research, that defendant's license was suspended. Hansen followed defendant for a while, but eventually lost him. After coordinating with a number of other law enforcement agents, Hansen arranged for another officer to stop defendant for driving while suspended. Defendant was stopped and arrested on that charge.

Hansen eventually joined that traffic stop. Hansen spoke with defendant and asked if he would consent to a search of his truck. Defendant refused to consent, so Hansen called for a drug detection dog. While waiting for the drug detection dog to arrive, defendant spoke with another officer at the scene and indicated that he had around two ounces of marijuana in his vehicle and that he did not have a medical marijuana card. Hansen then spoke with defendant again, and defendant confirmed that he was living at the address where Hansen had previously observed him in Oakland. Officers then searched defendant's truck and found approximately 2.3 ounces of marijuana.

After finding the marijuana, Hansen spoke with defendant for a third time. He asked defendant if there was any marijuana or drug paraphernalia in his RV. Defendant said that there was no paraphernalia in his RV, but indicated that the RV did contain "a little bit of marijuana." During that conversation, neither Hansen nor defendant specified which of defendant's RVs they were discussing.

Defendant was taken to jail, and, based upon the information that they had received from defendant, two law enforcement officers—Detective Bird and Sergeant Case—drove to defendant's residence in Oakland. There, the officers contacted Braack, defendant's landlord who also lived on the property in Oakland where defendant's RV was located. After confirming that defendant lived in the RV on the property, Braack told the officers that she had "a lot" of

marijuana in her bedroom closet that she was "trimming" for defendant so that he could sell it to his "patients." Braack then let Bird and Case into her home and showed Case the marijuana in her closet.

Based on the above information, Hansen applied for a search warrant for the Braack residence, defendant's RV in Oakland, and a Pontiac Grand Prix that belonged to defendant that was also located on Braack's property in Oakland. Based upon Hansen's application, a magistrate issued a warrant. Pursuant to that warrant, officers searched defendant's RV and found, among other things, a quarter pound of marijuana, a large amount of methamphetamine, methamphetamine paraphernalia, and a large quantity of cash.

Defendant was eventually charged by a five-count indictment with various offenses related to his possession of methamphetamine and marijuana. Defendant moved to suppress "all evidence seized from his person and/or vehicle, * * * and his home, an RV." After excising portions of Hansen's affidavit, the trial court held that the affidavit failed to establish the probable cause necessary to justify the search of defendant's RV. Looking at each fact in the affidavit individually, the court concluded that none of the facts, including defendant's possession of over two ounces of marijuana, his statement that he had more marijuana in his RV, his landlord's statements indicating that she was processing a lot of marijuana for defendant, and the large amount of marijuana his landlord had in her bedroom closet, established a sufficient link between defendant's illegal activities and his RV in Oakland such that a reasonable and detached magistrate could conclude that any evidence of a crime would be found in the RV. As a result, the trial court agreed with defendant in part, and suppressed all evidence seized from defendant's RV in Oakland.[1]

On appeal, the state reasserts the argument that it made at the suppression hearing—that the facts presented in Hansen's affidavit as excised are sufficient when taken together to support probable cause. In response, defendant

---

[1] Neither party disputes the trial court's rulings on the other portions of defendant's motion to suppress, or the court's decision to excise portions of Hansen's affidavit. Therefore, we do not address those rulings.

contends that the trial court was correct in concluding that the affidavit lacked probable cause because the statement defendant made indicating that he had marijuana in his RV did not specify which of his two RVs he was talking about. Further, defendant argues that, even if we agree with the state that the affidavit established probable cause to search his RV for evidence of crimes related to marijuana, we must remand the case so that defendant may argue to the trial court that the warrant was defective for additional reasons related to the particular search of the RV for methamphetamine and related paraphernalia.

We agree with the state that Hansen's affidavit established probable cause justifying the search of defendant's RV. However, we also agree with defendant that he should be allowed to argue in the trial court on remand that the search warrant was defective for additional reasons not decided below. Consequently, for the reasons set forth below, we reverse and remand the part of the trial court's order suppressing evidence seized from the search of defendant's Oakland RV and otherwise affirm.

An application for a search warrant "shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in places, or in the possession of the individuals, to be searched." ORS 133.545(6).[2] Whether an affidavit supporting the issuance of a warrant is sufficient is a question of law. *State v. Castilleja*, 345 Or 255, 264, 192 P3d 1283, *adh'd to on recons*, 345 Or 473, 198 P3d 937 (2008). On review, it is our task to determine whether "a neutral and detached magistrate could conclude, based on the facts and circumstances shown by [the] affidavit [supporting the warrant], that there was probable cause to believe that a search of defendant['s] home would reveal evidence of [defendant's] possession or delivery of marijuana." *State v. Heyne/Yunke*, 270 Or App 601, 605, 348 P3d 1170, *rev den*, 358 Or 146 (2015); *see also Castilleja*, 345 Or at 264 (stating the standard of review). The standard of review is the same for the

---

[2] ORS 133.545 has been amended since the search warrant was granted; however, because that amendment does not effect our analysis, we refer to the current version of the statute.

trial court. *Castilleja*, 345 Or at 265. Thus, when we undertake this type of review, we need not give any "deference to the trial court's findings or conclusions." *Id.* Instead, we are to "view the predicate affidavit in a 'commonsense, nontechnical and realistic fashion,' with 'doubtful cases * * * to be resolved by deferring to an issuing magistrate's determination of probable cause.'" *State v. Duarte/Knull-Dunagan*, 237 Or App 13, 21, 238 P3d 411, *rev den*, 349 Or 370 (2010) (quoting *State v. Wilson*, 178 Or App 163, 167, 35 P3d 1111 (2001) (ellipsis in original)).

Probable cause exists "when the facts set out in the affidavit would 'lead a reasonable person to believe that seizable things will probably be found in the location to be searched.'" *Castilleja*, 345 Or at 264 (quoting *Goodman*, 328 Or at 325). To determine whether there was probable cause to believe that evidence will be found in the place to be searched, we look at "the totality of the circumstances" presented in the affidavit. *State v. Fronterhouse/Conant*, 239 Or App 194, 200, 243 P3d 1208 (2010). Thus, when determining whether the facts disclosed by an affidavit are sufficient to establish probable cause, "we consider the entire contents of the affidavit (as excised)." *Id.* We also permit the magistrate to draw all reasonable inferences from the affidavit. *State v. Henderson*, 341 Or 219, 224-25, 142 P3d 58 (2006).

In this case, after reviewing "the entire contents of the affidavit" and the reasonable inferences that can be drawn from it in a "commonsense, nontechnical and realistic fashion," we hold that a reasonable and detached magistrate could conclude that Hansen's affidavit established probable cause to search defendant's RV for evidence of crimes relating to his possession of marijuana. We begin by noting that a reasonable magistrate could have concluded that Hansen's affidavit established probable cause that defendant was illegally possessing marijuana. *See* ORS 475.864 (2013) (unlawful possession of marijuana). The affidavit stated that defendant possessed over two ounces of marijuana, admitted to having more marijuana in his RV, and did not have a medical marijuana card.

We further note that a reasonable magistrate could have concluded that Hansen's affidavit established probable

cause to believe that defendant was illegally manufacturing and delivering marijuana. *See* ORS 475.856 (2013), *amended by* Or Laws 2015, ch 1, § 77; Or Laws 2015, ch 614, § 121; Or Laws 2016, ch 24, § 42 (unlawful manufacture of marijuana); ORS 475.860 (2013), *amended by* Or Laws 2015, ch 1, § 78; Or Laws 2015, ch 614, § 122; Or Laws 2016, ch 24, § 44 (unlawful delivery of marijuana). The affidavit stated that defendant's landlord told police that she was "trimming" "a lot" of marijuana so that defendant could provide it to his "patients" and that the landlord actually possessed a large quantity of marijuana in her home.

Finally, and most importantly, we hold that a reasonable magistrate could have concluded that Hansen's affidavit established probable cause to believe that evidence of defendant's illegal possession, delivery, and manufacture of marijuana was located in his Oakland RV. The affidavit established that defendant was living in his Oakland RV based on Hansen's observations, statements made by defendant's landlord, and statements made by defendant himself. The affidavit further established that defendant admitted to having marijuana in his RV. Finally, as discussed above, the affidavit established that defendant's landlord admitted to processing marijuana for defendant in a house on the same property as defendant's Oakland RV, and that defendant's landlord actually possessed a large amount of marijuana in that home. Based on that information, a reasonable magistrate could infer that, even though defendant never specified which RV his marijuana would be located in, there was probable cause to believe that evidence of defendant's crimes relating to marijuana would be found in defendant's Oakland RV. Consequently, based on the above mentioned facts and the reasonable inferences that result from them, a magistrate could have concluded that probable cause existed to believe that evidence related to defendant's potential crimes of possession, delivery, and manufacture of marijuana was located in defendant's Oakland RV. Consequently, the search warrant was supported by probable cause.

As we discuss further below, the court mistakenly relied on our decision in *State v. Huff,* 253 Or App 480, 291 P3d 751 (2012). The court also failed to consider "the totality

of the circumstances" and reasonable inferences that could be drawn from those circumstances when concluding that defendant's statement that his RV contained "a little bit" of marijuana did not establish probable cause. Finally, the court failed to give proper deference to the magistrate when it concluded that defendant's landlord's statement that she was processing marijuana for defendant and her possession of marijuana in her closet did not support probable cause.

First, the trial court erred by misapplying our decision in *Huff.* At the suppression hearing, the court concluded that Hansen's affidavit failed to establish probable cause to search defendant's Oakland RV under *Huff,* because it did not provide facts demonstrating that evidence of a crime other than the possession that he had already been charged with would be found in defendant's Oakland RV. The court misread *Huff. Huff* concludes that evidence of a person's possession of a small, user amount of illegal drugs does not on its own give rise to probable cause to believe that there will be additional illegal drugs at the person's residence.

In *Huff,* police officers conducted a home visit of the defendant's residence while he was on supervision and found a user quantity of methamphetamine and a pipe containing methamphetamine residue. 253 Or App at 482-83. Based upon that discovery, the officers sought and received a warrant to search the defendant's residence and various outbuildings on his property. *Id.* at 484. In their subsequent search, officers found evidence that the defendant was also dealing methamphetamine. *Id.* On appeal, we held that the warrant was not supported by probable cause and suppressed the evidence found in the search. *Id.* at 493. In reaching that conclusion, we began by noting that the affidavit did not support "an inference that [the] defendant was engaged in the *sale* of methamphetamine from [his residence], which *** could establish the probability that additional quantities of the drug would be discovered in [the] defendant's residence and property," because the affidavit only established "the presence of *** a small quantity of methamphetamine in [the] defendant's home *** and a pipe containing residue." *Id.* at 488 (emphasis in original). Further, we noted that "[t]he affidavit [was] also insufficient to support a reasonable inference that additional 'user'

amounts of methamphetamine or methods of ingestion * * * would probably be found on [the] defendant's property" because "the affidavit * * * [did] not provide *any* potential linkage between the presence of some drugs and the likelihood of more drugs or the presence of a single implement of use (the pipe) and the likelihood of more drugs or other implements that might bear traces of the drug." *Id.* at 491-93 (emphasis in original).

Consequently, *Huff* establishes that an affidavit must present evidence beyond mere possession of a user quantity of narcotics to justify a search for "further evidence of criminal activity * * * at [a] suspected location." *Id.* at 487. Here, the affidavit does provide that additional evidence. Not only did defendant have more than two ounces of marijuana in his truck, he also admitted that he had more marijuana in his RV. Further, the affidavit established that defendant's landlord admitted to processing marijuana for defendant to distribute on the same property on which the RV was located. Defendant's landlord showed officers the marijuana that she was processing in her home. Those are the type of additional facts that we have held provide the necessary linkage between a defendant's possession of a user quantity of drugs and the probability that additional evidence of a crime associated with those drugs will be found in that defendant's residence. *See State v. Tallman*, 76 Or App 715, 721, 712 P2d 116 (1985) ("Other facts, including suspicious actions and inculpatory statements, may unite with the possession to produce the necessary level of probability."). Consequently, the trial court's reliance on *Huff* was mistaken.

The trial court also failed to properly consider the totality of the circumstances presented in Hansen's affidavit when it concluded that defendant's statement that his RV contained "a little bit of marijuana" did not support probable cause because that statement did not establish "which RV he's acknowledging that the marijuana is located in." As defendant correctly points out on appeal, probable cause requires the warrant affidavit to contain facts sufficient to convince a reasonable person that the evidence sought will "more likely than not" be found in the place to be searched. *State v. Sparks*, 267 Or App 181, 193, 340 P3d 688 (2014),

*rev den*, 357 Or 325 (2015). However, contrary to the assertions of defendant, Hansen's affidavit does so here when considered in its entirety.

Defendant is correct in pointing out that neither Hansen nor defendant mentioned which of defendant's two RVs contained marijuana when defendant was questioned. However, the absence of that information does not require us to excise that fact from the affidavit—nothing about that omission makes that fact unreliable or untrustworthy. As we stated above, when determining whether a reasonable magistrate could have found probable cause based on an affidavit, we look at the "totality of the circumstances" presented in that affidavit. *Fronterhouse/Conant*, 239 Or App at 200. Further, we also defer to any reasonable inferences that could be drawn from those facts. *Henderson*, 341 Or at 224-25. In this case, as we discussed above, a reasonable magistrate could have inferred from the affidavit that defendant was talking about his Oakland RV when he stated that his RV contained "a little bit" of marijuana. The affidavit establishes that defendant was living in his Oakland RV when he made the statement to Hansen. The affidavit also establishes that Hansen and defendant were discussing his Oakland residence prior to their discussion of whether marijuana or marijuana paraphernalia would be found in the RV. Additionally, the affidavit establishes that defendant's landlord, who lived in the house next to defendant's Oakland RV, was processing a large quantity of marijuana for defendant in that home. Taken together, a neutral and detached magistrate could reasonably infer that defendant was talking about his Oakland RV.[3]

Finally, the trial court failed to apply the proper standard of review when it concluded that the evidence obtained from defendant's landlord did not support probable cause because it was "only information * * * from a criminally, potentially culpable, named informant." As we have previously discussed, under our current standard of review, we are obligated to "defer[] to an issuing magistrate's

---

[3] Officers only sought and obtained a warrant for defendant's Oakland RV. The record contains no evidence that a warrant was ever sought to search defendant's Sutherlin RV.

determination of probable cause." *Duarte/Knull-Dunagan,* 237 Or App at 21. This includes deferring to any reasonable inferences that could be drawn from the facts set forth in the affidavit. *Henderson,* 341 Or at 224-25. Though the trial court's conclusion is one reasonable interpretation of Hansen's affidavit, it is not the only reasonable interpretation. A reasonable magistrate could also credit the evidence obtained from the landlord based on the short distance between defendant's RV and the landlord's house, the fact that defendant had already been arrested with over two ounces of marijuana in his vehicle, defendant's previous admission to law enforcement officers that he had more marijuana in his RV, and the fact that the landlord showed officers the marijuana in her bedroom closet, which was located on the same property as defendant's RV. Because there are other reasonable inferences that the magistrate could have made when she determined that the affidavit in this case supported probable cause, we reject the trial court's contrary conclusion.

Because we conclude that the trial court erred in suppressing evidence found in defendant's RV, we address defendant's additional argument that we should remand the case for further proceedings on defendant's suppression motion. Defendant is correct that, "when the state successfully appeals an order granting a motion to suppress, the defendant is free to litigate issues that the trial court did not reach, even if the issues were not raised at the initial suppression hearing." *State v. Gonzales,* 238 Or App 541, 544, 243 P3d 116 (2010); *see also State v. Nelson,* 181 Or App 593, 605 n 6, 47 P3d 521, *rev den,* 335 Or 90 (2002) (allowing defendant to make an argument on remand that was not initially raised in the trial court). Accordingly, we reverse the part of the trial court's order suppressing the evidence found in defendant's Oakland RV and remand for further proceedings. We affirm the remainder of the order.

Part of order suppressing evidence found in defendant's RV reversed and remanded; otherwise affirmed.