792 February 12, 2025 No. 98

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADRIAN CARRASCO,
*Defendant-Appellant.*

Washington County Circuit Court
20CR27370; A180826

Eric Butterfield, Judge.

Submitted October 23, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for first-degree rape constituting domestic violence, ORS 163.375 (Count 1); second-degree assault constituting domestic violence, ORS 163.175 (Count 2); two counts of unlawful use of a weapon, ORS 166.220 (Counts 3 and 4); fourth-degree assault constituting domestic violence, ORS 163.160(3) (Count 5); menacing constituting domestic violence, ORS 163.190 (Count 6); recklessly endangering another person, ORS 163.195 (Count 7); and harassment, ORS 166.065(4) (Count 8). Defendant raises four assignments of error. For the reasons that follow, we affirm.

A detailed discussion of the facts is not necessary in this case. We recite in our analysis only the facts necessary to explain our disposition of the appeal.

Defendant's first assignment of error challenges the trial court's denial of his pretrial motion to suppress evidence obtained pursuant to a search warrant. We review a challenge to the sufficiency of an affidavit supporting a search warrant for legal error. *State v. Castilleja*, 345 Or 255, 264, 192 P3d 1283, *adh'd to on recons*, 345 Or 473, 198 P3d 937 (2008). We ask whether a neutral and detached magistrate could reasonably have concluded that the supporting affidavit established probable cause to search. *Id.* Probable cause is a standard "of probability, not certainty." *State v. Foster*, 350 Or 161, 169, 252 P3d 292 (2011). "To determine probable cause, the judge may rely on facts asserted in the affidavit as well as reasonable inferences to be drawn from them." *State v. Daniels*, 234 Or App 533, 538, 228 P3d 695, *rev den*, 349 Or 171 (2010).

Defendant argues that the affidavit supporting the search warrant lacked probable cause because the facts stated were insufficient for a magistrate to infer that the blood on the cell phone belonged to defendant. We disagree. The affidavit described a domestic incident where defendant punched his ex-girlfriend K multiple times, then smashed K's cellphone on a table, and used it to strike her in the head several more times. The shattered phone had blood on it. Testing of a swab from the phone found that the blood

tested did not belong to K, but rather an unidentified male. The violence described in the affidavit would have been sufficient to cause bleeding by either party involved. Because the affidavit alleged that K had placed the phone in a Ziploc bag, it was reasonable to infer that no one else accessed the phone after the incident. It was also reasonable for the magistrate to infer that, because the blood on the phone did not belong to K, it more likely than not was defendant's blood. We conclude that there was probable cause to support issuance of the search warrant, and therefore the trial court did not err in denying defendant's motion to suppress evidence obtained pursuant to the warrant.

Defendant's second assignment of error challenges the trial court's denial of his motion for judgment of acquittal (MJOA) on Count 2, second-degree assault. We review the denial of an MJOA "by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

At trial, K testified that defendant punched her more than ten times in the face. He then smashed her phone on a nightstand and hit her in the face with it. By the time he hit her with the broken phone, she said she was numb from all the punches. Broken glass from the phone caused "a deep cut" under her eyebrow, which left a visible scar. She testified that there was "blood everywhere." Her eyes were swollen shut and she had to take several days off work due to the bruising and swelling. K's mother, who saw her after the assault, testified that K's "eyes and her face were very beaten up and that she could barely see out of her eyes." K's mother further testified that K was in an incredible amount of pain which lasted for days.

For second-degree assault, the state had to prove that defendant caused "physical injury" to K by means of a dangerous weapon, in this case, the cellphone. ORS 163.175. "Physical injury" is defined as "substantial pain" or "impairment of physical condition." ORS 161.015(7). Defendant

argues first that K did not feel substantial pain when he hit her with the cellphone because she said she felt numb, and second, that he did not impair her physical condition. As for "substantial pain," we have previously defined the term as "considerable pain" where "the duration of the pain was more than fleeting." *State v. Roberts*, 293 Or App 340, 348, 427 P3d 1130 (2018). Given the description of violence and the testimony that K's pain lasted for several days, we conclude that a jury could find that defendant caused K substantial pain when he hit her with the cellphone. As for impairment of physical condition, we have determined that such an impairment exists where the injury was a cut that bled alongside swelling, *State v. Staniford*, 332 Or App 203, 208, 548 P3d 855, *rev den*, 372 Or 763 (2024), or where the victim suffered swelling and bruising around her eye, *State ex rel Juv. Dept. v. Salmon*, 83 Or App 238, 240-42, 730 P2d 1285 (1986). Here, the evidence was sufficient for a jury to conclude that defendant's attack with the cellphone caused an injury that constituted an impairment of physical condition. The trial court did not err in denying defendant's MJOA.

Turning to defendant's third assignment of error, defendant contends that the trial court erred by refusing to give his requested jury instruction. Defendant proposed a special jury instruction that used the phrase, "subjective state of near certitude," to define proof beyond a reasonable doubt.[1] The trial court declined to give the instruction.[2] We review a trial court's failure to give a requested jury

---

[1] Defendant requested a modification of UCrJI 1009 that would provide: "You must reach a verdict of not guilty if, after careful and impartial consideration of all the evidence in this case, you have not reached a subjective state of near certitude that the defendant is guilty."

[2] The trial court delivered the following instruction:

"THE COURT: The defendant is innocent unless and until the defendant is proven guilty beyond a reasonable doubt. The burden is on the state, and the state alone, to prove the guilt of the defendant beyond a reasonable doubt.

"Reasonable doubt is based on common sense and reason. Reasonable doubt is not an imaginary doubt. Reasonable doubt means an honest uncertainty as to the guilt of the defendant.

"You must return a verdict of not guilty if, after careful and impartial consideration of all the evidence in this case, you are not convinced beyond a reasonable doubt that the defendant is guilty."

instruction for errors of law. *State v. Reyes-Camarena*, 330 Or 431, 441, 7 P3d 522 (2000). The Supreme Court has explained that "[u]nless a reasonable doubt instruction misleads the jury to believe that it can convict on a lesser degree of proof than that required, the court will not find error." *State v. Williams*, 313 Or 19, 38, 828 P2d 1006, *cert den*, 506 US 858 (1992). In accord with *Williams*, the trial court accurately instructed the jury that, in order to convict, they had to be convinced of defendant's guilt "beyond a reasonable doubt." We therefore conclude that the trial court did not err in declining defendant's requested instruction.

As for defendant's fourth assignment of error, the trial court has since amended its judgment to merge the verdict for unlawful use of a weapon (Count 3) with the conviction for second-degree assault (Count 2). Defendant has notified us that this assignment of error is moot and makes no argument that an exception to mootness applies here. We agree that defendant's fourth assignment of error is moot.

Affirmed.