100 April 23, 2025 No. 363

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL RAY MEYER,
*Defendant-Appellant.*

Malheur County Circuit Court
23CR21097; A182559

Erin K. Landis, Judge.

Submitted February 12, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal proceeding, defendant challenges his convictions for fentanyl possession and methamphetamine possession, which were based on his conditional guilty pleas. Officers found the drugs when they took defendant into custody on an arrest warrant issued after defendant had been in a fight with Baker. Defendant moved to suppress the drug evidence, contending that the affidavit and police reports supporting the warrant were not sufficient to establish probable cause. The trial court denied the motion to suppress, defendant entered conditional guilty pleas, reserving the right to appeal that ruling, and defendant now timely appeals, raising a single assignment of error. We affirm.

On appeal, defendant argues that the information contained in the police reports and affidavit supporting the warrant application were not sufficient to establish probable cause to issue an arrest warrant. He contends that there was evidence that Baker was the aggressor and that defendant was acting in self-defense.[1] Acknowledging that there was evidence that runs to the contrary, defendant asserts that the evidence was not sufficient to make it more likely than not that he was the aggressor. The state remonstrates that, although there was evidence to support both contentions, the evidence that defendant was the aggressor was corroborated and included evidence that defendant had fled the scene by the time the police arrived, which indicates consciousness of guilt.

As an initial matter, because the parties are familiar with the underlying factual and procedural history, we do not provide a recitation of the facts for this nonprecedential memorandum opinion. Article I, section 9, of the Oregon Constitution provides that "no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." In the arrest context, "[p]robable

---

[1] Defendant's argument on appeal is based on the premise that the availability of self-defense under ORS 161.209 will factor into the issuing magistrate's probable cause determination. We do not decide that legal issue; rather, we assume for purposes of this appeal that defendant's premise is correct, and we proceed on that basis.

cause means that there is a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." *State v. Foster*, 233 Or App 135, 141, 225 P3d 830 (2010), *aff'd*, 350 Or 161, 252 P3d 292 (2011) (internal quotation marks omitted).

When a defendant moves to suppress evidence on the basis that probable cause did not exist, "the defendant bears the burden of proof when the search or seizure is authorized by a warrant." *State v. Perrodin*, 315 Or App 252, 261, 500 P3d 704 (2021) (citations omitted). That burden is consistent with "the principle that warrants are presumptively valid," which is a principle that we apply "[w]hen a defendant challenges a warrant-based search or seizure." *Id.; see also State v. Cazee*, 308 Or App 748, 755, 482 P3d 140 (2021) (explaining that, when the defendant challenges a search warrant, courts are to "resolve doubtful cases in favor of warrant validity"). The Supreme Court has explained, "to uphold [a] warrant, the reviewing court need only conclude that the issuing magistrate reasonably could conclude that the facts alleged, together with the reasonable inferences that fairly may be drawn from those facts, establish" probable cause. *State v. Castilleja*, 345 Or 255, 270-71, 192 P3d 1283, *adh'd to on recons*, 345 Or 473, 198 P3d 937 (2008). We view the affidavit in a "commonsense, nontechnical and realistic fashion, with doubtful cases to be resolved in favor of the magistrate's determination of probable cause." *State v. Nelson*, 307 Or App 226, 232, 476 P3d 100 (2020) (internal quotation marks omitted).

Our task in reviewing defendant's assignment of error is not to decide whether defendant's or Baker's side of the story is more convincing or to count the number of witnesses on one side or the other; rather, our task is to determine whether the issuing magistrate could have reasonably determined that there was probable cause to support the issuance of the arrest warrant. Here, the issuing magistrate could reasonably have determined that there was probable cause to arrest defendant. Baker and his wife gave statements to the police that largely corroborated each other soon after the fight, and defendant fled the scene before police

arrived. In short, given all of the information before the issuing magistrate and the reasonable inferences that may fairly be drawn from that information, the trial court did not err in denying defendant's motion to suppress.

Affirmed.