No. 903 October 15, 2025 267

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PAUL WONG,
*Defendant-Appellant.*

Marion County Circuit Court
23CR07326; A184059

J. Channing Bennett, Judge.

Argued and submitted August 22, 2025.

Rankin Johnson argued the cause for appellant. Also on the brief was Rankin Johnson Law, LLC.

Megan Mizuta, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

## TOOKEY, P. J.

Defendant appeals a judgment of conviction for one count of unlawful manufacture of a marijuana item, ORS 475C.349, following a bench trial on stipulated facts. In a single assignment of error, defendant argues that the trial court erred in denying his motion to suppress evidence because the affidavit in support of the search warrant did not establish probable cause for the offense of unlawfully manufacturing a marijuana item. We affirm.

On appeal, defendant challenges the existence of probable cause for the issuance of the warrant. Defendant argues that the most significant fact raised in the affidavit was high power usage at the subject property, and pointing to *State v. Carter*, 316 Or 6, 848 P2d 599 (1993), defendant argues that the evidence of increased power consumption was insufficient to support the issuance of a search warrant, because it could be explained by any one of several alternative causes. *Id.* at 14 (stating that "[a]lthough a marijuana-growing operation is one possible explanation for high utility bills, it is not, when standing alone, a probable one[.]"). Defendant further contends that additional facts, such as his making modifications to the property consistent with marijuana grow operations, buying supplies from a store where people who grow marijuana often shop, and his association with individuals known to have committed marijuana offenses, were not sufficient to support a search warrant because each fact, standing on its own, could have an alternative explanation.

In response, the state asserts that, even if the power consumption was insufficient on its own, the combined effect of all the information in the affidavit supported issuance of a search warrant.

We review a challenge to the sufficiency of an affidavit supporting a search warrant for legal error. *State v. Castilleja*, 345 Or 255, 266, 192 P3d 1283, *adh'd to on recons*, 345 Or 473, 198 P3d 937 (2008). Warrants are "presumptively valid." *State v. Perrodin*, 315 Or App 252, 261, 500 P3d 704 (2021). Accordingly, "the defendant bears the burden of proof when the search or seizure is authorized by a

warrant" and they move to suppress evidence on the basis that probable cause did not support that warrant. *Id.* We "resolve doubtful or marginal cases in favor of the preference for warrants." *State v. Henderson*, 341 Or 219, 225, 142 P3d 58 (2006).

Article I, section 9, of the Oregon Constitution provides that "no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." To uphold a warrant, "the reviewing court need only conclude that the issuing magistrate reasonably could conclude that the facts alleged, together with the reasonable inferences that fairly may be drawn from those facts," are sufficient to establish probable cause. *Castilleja*, 345 Or at 270-71. An issuing magistrate may also consider the training and experience of the affiant in making a probable cause determination. *State v. Goodman*, 328 Or 318, 328, 975 P2d 458 (1999). A probable cause determination is based on "the totality of the circumstances." *State v. Nelson*, 307 Or App 226, 232, 476 P3d 100 (2020) (internal quotation marks omitted). That is, even "[w]hen no piece of information in an affidavit by itself is sufficient to constitute probable cause, the combined effect of all the information may still support the issuance of a search warrant." *State v. Milks*, 127 Or App 397, 404, 872 P2d 988 (1994). Probable cause means a "probability, which [is] more than a mere possibility." *State v. Webber*, 281 Or App 342, 348, 383 P3d 951 (2016) (internal quotation marks omitted).

Having reviewed the record and the relevant case law, we agree with the state that, considering "the totality of the circumstances," the issuing magistrate could have reasonably determined that there was probable cause to support the search warrant. As noted, the affidavit established that defendant made modifications to the property consistent with marijuana grow operations, that defendant bought supplies from a store where people who grow marijuana often shop, that defendant had associations with individuals known to have committed marijuana offenses, and that the property drew very large amounts of power—amounts identified by the detective affiant as consistent

with a large indoor marijuana grow operation. Given that information, taken together with the reasonable inferences that those facts support and the training and experience of the investigating detective affiant, we conclude that the affidavit established probable cause to believe that there would be evidence of an illegal marijuana operation in the location to be searched. The trial court did not err in denying defendant's motion to suppress.

Affirmed.