614 December 10, 2025 No. 1074

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JENNIFER WONG,
*Defendant-Appellant.*

Marion County Circuit Court
23CR07328; A184093

J. Channing Bennett, Judge.

Submitted November 10, 2025.

Bear Wilner-Nugent filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for one count of unlawful manufacture of a marijuana item, ORS 475C.349, following a bench trial. In a single assignment of error, defendant argues that the trial court erred in denying her motion to suppress evidence because the affidavit in support of the search warrant did not establish probable cause for the offense of unlawfully manufacturing a marijuana item. We affirm.[1]

We review a challenge to the sufficiency of an affidavit supporting a search warrant for legal error. *State v. Castilleja*, 345 Or 255, 266, 192 P3d 1283, *adh'd to on recons*, 345 Or 473, 198 P3d 937 (2008). Warrants are "presumptively valid," *State v. Perrodin*, 315 Or App 252, 261, 500 P3d 704 (2021), and we "resolve doubtful or marginal cases in favor of the preference for warrants," *State v. Henderson*, 341 Or 219, 225, 142 P3d 58 (2006).

Article I, section 9, of the Oregon Constitution provides that "no warrant shall issue but upon probable cause." To uphold a warrant, "the reviewing court need only conclude that the issuing magistrate reasonably could conclude that the facts alleged, together with the reasonable inferences that fairly may be drawn from those facts, establish that seizable things *probably* will be found at the location to be searched." *Castilleja*, 345 Or at 270-71 (emphasis in original). Probable cause means a "probability, which [is] more than a mere possibility." *State v. Webber*, 281 Or App 342, 348, 383 P3d 951 (2016) (internal quotation marks omitted). That determination is based on "the totality of the circumstances," *State v. Nelson*, 307 Or App 226, 232, 476 P3d 100 (2020), and considers the "training and experience of the affiant," *State v. Goodman*, 328 Or 318, 328, 975 P2d 458 (1999). Even if no single fact suffices, "the combined effect of all the information may still support the issuance of a search warrant." *State v. Milks/Sales*, 127 Or App 397, 404, 872 P2d 988 (1994).

---

[1] We note that in *State v. Wong*, 344 Or App 267 (2025) (nonprecedential memorandum opinion), we affirmed the trial court's denial of the codefendant's motion to suppress evidence obtained under the same search warrant, challenged on substantively similar grounds related to probable cause.

Considering the totality of the circumstances in this case—including the property's high power usage consistent with a large indoor marijuana grow operation, modifications to the property consistent with such operations, purchases of supplies from a store frequented by marijuana growers, and associations with known marijuana offenders—as informed by the detective's training and experience, we conclude that the affidavit established probable cause that there would be evidence of an illegal marijuana operation in the location to be searched. The trial court did not err in denying defendant's motion to suppress.

Affirmed.